2326

The STATE, Respondent v. William Allen NOLAN, Appellant.

(456 S.E. (2d) 926)

Court of Appeals

*Robert T. Williams, Sr.,* Lexington, *for appellant.*

*Attorney General T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka, Sr. Asst. Atty. Gen. Harold M. Coombs, Jr.,* and *Asst. Atty. Gen. Alexandria Broughton Skinner,* Columbia; and *Sol. Donald V. Myers,* Lexington, *for respondent.*

Heard Feb. 7, 1995.

Decided Apr. 3, 1995.

*Per Curiam:*

Appellant, William Allen Nolan, was indicted for trafficking in crack cocaine, trafficking in cocaine, and possession with intent to distribute marijuana. Following a trial on the matter, Nolan was convicted of each count and sentenced to imprisonment for 25 years, 7 years and 5 years, respectively, the sentences to run concurrently. Nolan appeals. We affirm.

The only issue on appeal is whether the trial judge erred in allowing evidence of statements made by a deceased officer in violation of the rule against hearsay, thereby denying appellant his right to confront witnesses.

The record reveals as follows. On January 30, 1992, Trooper Charles McNair and his partner, Trooper Mark Coates (now deceased), as members of the Aggressive Criminal Enforcement Team, were patrolling Interstate 20 in Lexington County. The Troopers were in separate cars, observing traffic from the median, when Trooper McNair stopped the occupants of a station wagon for speeding. After receiving consent to search the station wagon, Trooper McNair began to radio Trooper Coates for assistance, but first received a call from Trooper Coates, likewise requestioning assistance in a search of Nolan's vehicle.

At the suggestion of Trooper McNair, Trooper Coates had Nolan pull up to Trooper McNair's location. Trooper McNair testified Nolan was driving an older model Cadillac, which was pulling a pickup truck on a trailer and that the Cadillac was weighted down such that Nolan was having difficulty controlling the vehicle and the vehicle was weaving. After arriving at the location, Trooper Coates and Nolan exited their vehicles and approached Trooper McNair. Trooper McNair testified the following then occurred.

> Trooper Coates basically introduced me. Said, "This is Mr. Nolan. I stopped him back here for weaving. He had given us consent to search his vehicles," and Mr. Nolan agreed with that. And so I said okay. So at that point, we continued our search.

Trooper McNair stated Nolan admitted to him he could not drive the vehicle very fast because the trailer would weave. He stated at no point in time did Nolan indicate the officers could not conduct a search, but, rather, gave his consent. Trooper McNair further testified "Trooper Coates related to

me that he had already found a case of rolling papers."

In conducting the search Trooper McNair observed a case of cigarette rolling papers in the cab of the truck. He further observed Trooper Coates lift a tire from the back of the truck and pull out a large handbag. Inside the handbag were what appeared to be two large bags of marijuana, two bags of powder cocaine, and a large bag of crack cocaine. At this point, Nolan was placed under arrest and read his *Miranda* rights. Nolan then advised the officers he wished to speak with them outside of the hearing of his companion. He then informed them the person that started Nolan in the drug business would be bringing another load of drugs through that night. He informed them of his general drug operation and admitted to purchasing the drugs in question and placing them in the truck behind the spare tire. After being transported to the Lexington County jail, Nolan signed a waiver of rights. Nolan then gave another oral statement, basically reiterating the statement he had given the officers at the time of his arrest.

One November 20, 1992, Trooper Coates was tragically killed in the line of duty. This matter came to trial in January, 1993.

On appeal, Nolan contends the trial judge improperly admitted hearsay evidence and, as a result, he was denied his constitutional right to be confronted by the witnesses against him, in this case, Trooper Coates. Specifically, he challenges the statements by Trooper McNair that Trooper Coates requested help in the search of Nolan's vehicle, that Trooper Coates explained Nolan had been stopped for weaving and Nolan had given his consent for the search, and that Trooper Coats told Trooper McNair he had found cigarette rolling papers. He contends, because he was unable to cross-examine Trooper Coates, he was unable to explore whether Trooper Coates had probable cause and, therefore, made a lawful stop. He also argues he was prejudiced by his inability to cross-examine Trooper Coates as to the location of the drugs when they were found. He further asserts, without this hearsay evidence, the State has failed to prove he gave voluntary consent at the first stop and the record lacks sufficient evidence as to his consent to search at the second stop.

## PROBABLE CAUSE

We find no merit to Nolan's probable cause argument. First, Trooper McNair testified he observed Nolan driving the vehicle and that it was heavily loaded down and weaving, and that Nolan was encountering difficulties controlling it. Further, Nolan himself admitted to Trooper McNair the trailer would weave if driven too fast. Thus, there is ample evidence Trooper Coates had probable cause to stop Nolan, without the benefit of Trooper Coates' statement. However, there is further evidence that Trooper Coates had probable cause to stop Nolan for weaving. In Nolan's presence, and without contradiction from Nolan, Trooper Coates told Trooper McNair he stopped Nolan for weaving. We disagree with Nolan's assertion this evidence violates the rule against hearsay.

Where a declarant is unavailable, testimony as to what the declarant has said is not admissible unless it bears adequate indicia of reliability, either because it falls within a firmly rooted exception to the rule against hearsay or because there is a showing of particularized guaranties of trustworthiness. *State v. Williams*, 285 S.C. 544, 331 S.E. (2d) 354 (Ct. App. 1985); *see* also 23 C.J.S. *Criminal Law* § 860 at 58 (1989). The adoptive admissions rule allows admission into evidence of a defendant's failure to deny statements made in his presence which tend to incriminate him, which a reasonable person would have denied under the circumstances, as by his silence, or his making an evasive, equivocal, unresponsive, or affirmative reply. 23 C.J.S. *Criminal Law* § 887 at 98 (1989).

In *State v. McIntosh*, 94 S.C. 439, 78 S.E. 327 (1913), our Supreme Court stated:

> Statements made in the presence of a party are generally admissible, if he remains silent, when they are made, and the circumstances are such that he can speak and naturally would or ought to respond to them. In such circumstances, his silence may afford ground for inferring that he acquiesces in the truth of the statements. But, where the situation is such that it would be improper for him to respond, statements made to him or in his presence are inadmissible. So, also, if he positively and unequivocally denies the truth of such statements, . . . they are inadmissible.

There is evidence that during this conversation between the officers in Nolan's presence, Nolan "agreed" with the information conveyed from Trooper Coates to Trooper McNair. Further, Nolan independently admitted the weaving problem to Trooper McNair. We therefore find the statement made by Trooper Coates to Trooper McNair in Nolan's presence bore adequate indicia of reliability and was therefore properly admitted. We further find this statement was merely cumulative to other evidence that Nolan was properly stopped for weaving.[1]

## CONSENT

We further find no merit to Nolan's argument that the State failed to prove consent at either the first or second stop. There is ample evidence of consent given at both stops. At trial, Nolan himself testified he gave Trooper Coates consent to search at the initial stop. Further, the record shows the second search was merely a continuation of the first search. However, even if we were to assume the second search required consent, we find the evidence shows this consent was given by Nolan. At trial, Trooper McNair testified Trooper Coates stated that Nolan "has given *us* consent to search his vehicles" (emphasis added) and that Nolan agreed with this statement. As previously elucidated, this statement in Nolan's presence contained adequate indicia of reliability and, thus, was not prohibited by the rule against hearsay. Further, Trooper McNair testified, independently of this conversation with Trooper Coates, that at no point did Nolan object to the search, but instead gave his consent.[2] Accordingly, we find no error on this issue.

---

[1] Even if we were to assume the conversation between the officers amounted to hearsay, the admission of hearsay evidence constitutes reversible error only when prejudicial to the accused, and where hearsay is merely cumulative to other evidence, its admission is deemed harmless. *State v. Williams*, 285 S.C. 544, 331 S.E. (2d) 354 (Ct. App. 1985).

[2] *See State v. Williams*, 285 S.C. 544, 331 S.E. (2d) 354 (Ct. App. 1985) (where hearsay is merely cumulative to other evidence, its admission is deemed harmless).

## LOCATION OF DRUGS

Nolan summarily argues he was prejudiced by his inability to cross-examine Trooper Coates on the location of the drugs during the search. We disagree. The evidence of record that the drugs were found in a handbag under a spare tire in Nolan's truck came not from the deceased officer, but from Trooper McNair who clearly stated he observed the drugs being found in the search. The location of the drugs was established, not by Trooper Coates, but by Trooper McNair based on his independent observations during the search. Regrettably, Trooper Coates is unavailable as a witness to the search. However, Nolan should not be allowed to capitalize on the unfortunate death of this officer. Evidence of the location of the drugs was properly produced and admitted through another officer based on this officer's independent participation in and observation of the search.

## OTHER STATEMENTS OF DECEASED

We have already ruled the statements, made by Trooper Coates to Trooper McNair in Nolan's presence, regarding the reason for the stop and the appellant's consent, were not violative of the rule against hearsay and, further, were merely cumulative to other evidence and, therefore, harmless. We likewise find no error in the admission of other statements of Trooper Coates challenged by the appellant.

First, the testimony of Trooper McNair that Trooper Coates requested assistance in the search of Nolan's car, even if hearsay, is not reversible error, as there is no prejudice to appellant. The fact that the two officers conducted a search of Nolan's vehicle is undisputed. It is immaterial whether or not Trooper Coates requested assistance in the search.

We further find no error in the admission of evidence that Trooper Coates informed Trooper McNair he had found cigarette rolling papers. Any error in the admission of this testimony was harmless in light of Trooper McNair's testimony that he, himself, observed a case of cigarette rolling papers in the truck.

For the foregoing reasons, appellant's convictions are

Affirmed.

SHAW, GOOLSBY and HOWARD, JJ., concur.