22171

The STATE, Respondent, v. Richard CALDWELL, Appellant.
(322 S. E. (2d) 662)

Supreme Court

*Herman E. Cox, E. Perry Edwards*, Greenville, and *David E. Turnipseed*, Spartanburg, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Atty. Gen. Harold M. Coombs, Jr., Asst. Atty. Gen. Charles H. Richardson*, Columbia, and *Sol. Claude A. Taylor, Jr.*, Seventh Judicial Circuit, Spartanburg, *for respondent.*

Heard Sept. 12, 1984.

Decided Oct. 22, 1984.

NESS, Justice:

Appellant Richard Caldwell was indicted for procuring the burning of his house and was convicted of arson. We affirm.

Caldwell paid Kelvin Boyce to burn his house when he was out of town. While incarcerated, Boyce revealed his role in the arson to his cellmate, Paul Parish, Jr., who informed his attorney, Gene Adams, who notified SLED. An investigation followed which led to Caldwell's conviction.

Appellant alleges the trial court erred in admitting two hearsay statements. We disagree.

Adams testified that Parish told him of Boyce's incriminating statements concerning the arson. In *State v. Huggins*, 275 S. C. 229, 269 S. E. (2d) 334 (1980) we held the fact testimony is hearsay is unimportant if the declarant testifies and is available for cross examination. Boyce and Parish testified at trial and both were cross exam-

ined. The admission of Boyce's statement to Parish through Adams was proper.

Adams also testified about a conversation he had with Parish's father. As there was no objection at trial, it may not be raised for the first time on appeal. *State v. Newton,* 274 S. C. 287, 262 S. E. (2d) 906 (1980).

Appellant next contends it was error for the trial court to refuse to qualify a volunteer fire chief as an expert. We disagree.

Qualification of a witness as an expert is a matter within the discretion of the trial court. *State v. Cunningham,* 275 S. C. 189, 268 S. E. (2d) 289 (1980). Additionally, this witness's opinion (that the fire was caused by shorted wiring rather than arson) was brought out by appellant during his cross examination of the fire chief as State's witness.

Appellant argues the trial court erred in refusing to allow testimony about the replacement cost of appellant's lake house and the amount of insurance coverage. Since the value of the lake house was allowed, the replacement cost was irrelevant.

Appellant's remaining exceptions are disposed of under Rule 23 of the Rules of Practice of this Court and appellant's conviction is affirmed.

Affirmed.

LITTLEJOHN, C. J., and GREGORY, HARWELL and CHANDLER, JJ., concur.