22850

The STATE, Respondent v. Leroy Albert BERNTSEN, Appellant.
(367 S. E. (2d) 152)

Supreme Court

*Asst. Appellate Defender D. Mark Stokes*, of *S. C. Office of Appellate Defense*, Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Atty. Gen. Harold M. Coombs, Jr., Columbia; and Solicitor Holman C. Gossett, Jr.,* Spartanburg, *for respondent.*

Heard Jan. 4, 1988.

Decided March 28, 1988.

CHANDLER, Justice:

Appellant (Berntsen) was convicted of five counts of kidnapping, two counts of first degree criminal sexual conduct, and one count each of grand larceny, armed robbery, and first degree burglary. We affirm.

## FACTS

Berntsen was identified as the armed intruder who, on April 18, 1986, entered the apartment where Patty Estep (Patty) and her family lived. According to the State's witnesses, he bound and gagged the five family members, forced Patty and her mother to engage in sexual acts with him, and then drove off in the family car. The apartment was entered after the front door was pulled loose from the doorframe.

At trial, Berntsen claimed he had "boisterously" knocked on the apartment door and, when Patty answered, demanded the car keys. Although he admitted obtaining the keys by intimidation, he denied entering the apartment or carrying a gun.

## ISSUES

Berntsen contends the trial court erred in refusing to charge the jury on:

(1) false imprisonment as a lesser included offense of kidnapping; and
(2) second degree burglary as a lesser included offense of first degree burglary.

## I. FALSE IMPRISONMENT

The trial judge charged the jury on the kidnapping statute, S. C. Code Ann. § 16-3-910 (1985). Berntsen alleges he should also have been instructed on the common law crime of false imprisonment because it is a lesser included offense of statutory kidnapping.

At common law, false imprisonment was the unlawful restraint or detention of another against his will, without authority of law, by actual force or reasonably apprehended force. 35 C.J.S. *False Imprisonment* § 71 (1960).

Under § 16-3-910, kidnapping requires proof of an unlawful act taking one of several alternative forms: seizure, confinement, inveiglement, decoy, kidnapping,[1] abduction, or carrying away. *See State v. Owens*, 291 S. C. 116, 352 S. E. (2d) 474 (1987).

The kidnapping statute is broad enough to include, yet not require, proof of the elements constituting false imprisonment. One element of false imprisonment, force or reasonably apprehended force, would be present under some, but not other, alternatives listed in § 16-3-910. For example, inveiglement and decoy would not require force or reasonably apprehended force, while seizure and abduction would.

Thus, the crime of false imprisonment has been incorporated into § 16-3-910 as one method of proving kidnapping. *See State v. Croatt*, 227 Minn. 185, 34 N. W. (2d) 716 (1948); *Brown v. State*, 574 S. W. (2d) 57 (Tenn. Crim. App. 1978). Accordingly, the trial judge was correct in charging only the language of § 16-3-910.

## II. SECOND DEGREE BURGLARY

Berntsen next contends that second degree burglary is a lesser included offense of first degree burglary so that the trial judge erroneously refused to charge the lesser offense.

In *State v. Goldenbaum*, 365 S. E. (2d) 731 (S. C. 1988), we recently held that lesser degrees of burglary need not be submitted to the jury when, as here, there is uncontroverted evidence that the structure entered was a

---

[1] As used in § 16-3-910, the term "kidnap" apparently refers to the common law crime of kidnapping.

"dwelling." The trial judge properly refused a charge on second degree burglary.

Affirmed.

NESS, C. J., and GREGORY, HARWELL and FINNEY, JJ., concur.