23025

The STATE, Respondent v. Kyle Brett HARRISON, Appellant.
(380 S. E. (2d) 818)

Supreme Court

*Joseph M. McCulloch, Jr., Paul L. Reeves*, both of *Swerling & Harpootlian*, and *F. Patrick Hubbard*, Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.*, and *Norman Mark Rapoport*, Columbia, and *Solicitor W. Townes Jones, IV*, Greenwood, *for respondent.*

Heard May 1, 1989.

Decided June 5, 1989.

HARWELL, Justice:

Appellant Kyle Brett Harrison was convicted of kidnapping and assault with intent to commit criminal sexual conduct in the first degree. He was sentenced to life for the kidnapping and a concurrent sentence of twenty years for the assault with intent to commit criminal sexual conduct. We reverse and remand for a new trial.

## FACTS

In the early morning hours of Saturday, August 1, 1987, the prosecutrix in this case was walking home from a bar after an argument with her boyfriend when she was approached by a man she later identified as appellant. The prosecutrix testified that appellant started to say something to her, but that she told him she "didn't want to talk to him," and to "get out of [her] sight." She then continued walking down the road when someone "grabbed [her] from behind and started dragging [her] down the hill ... into a ditch," and attempted to rape her. The prosecutrix identified appellant as the assailant.

Appellant testified that he was being driven home by friends when they saw the prosecutrix walking alone. Appellant told the driver to stop to offer the prosecutrix a ride. The driver did not want to give the prosecutrix a ride, but stopped to let appellant out of the car. Appellant testified that he was only two blocks away from his home and could walk home. Appellant testified that the prosecutrix first told him to leave her alone, but called back to him as he was walking away. Appellant testified that he and the prosecutrix began to talk, and she told him she had had an argument with her boyfriend. The two walked along the road for a while; she became "friendlier," then told appellant she needed to go to the bathroom and the two went into the woods. Appellant testified that the prosecutrix then "propositioned him" but that when he attempted to have sex, she "freaked out" and "started crying" and saying "Don't rape me." Appellant then became alarmed and "ran home." He was arrested later that day and charged with kidnapping and criminal sexual conduct in the first degree. He was tried and convicted in October 1987.

## DISCUSSION

### I. PRIOR CONVICTIONS OF THE PROSECUTRIX

At trial, defense counsel sought to impeach the prosecutrix by questioning her regarding a previous guilty plea to three fraudulent check charges. The judge refused to allow appellant's attorney to cross-examine the prosecutrix on the charges, ruling that these were not crimes of moral turpitude. We disagree.

S. C. Code Ann. § 34-11-60 (1987) provides that it is unlawful to draw or utter a fraudulent check. An element of the crime is the "intent to defraud." Any crime in which fraud is an ingredient is a crime of moral turpitude. *In re Sipes*, 377 S. E. (2d) 574 (S. C. 1989); *State v. Horton*, 271 S. C. 413, 414, 248 S. E. (2d) 263 (1970). A conviction for uttering a "fraudulent check" by its very terms recognizes that an element of fraud is involved. Accordingly, there is no question that a fraudulent check conviction is one for a crime of moral turpitude and is therefore proper impeachment material.

Further, refusal to allow impeachment on these charges was not harmless error. The appellant relied solely on the defense of consent. There was little physical evidence establishing that an attack had occurred; witness credibility was therefore a major factor. We hold that the judge erred in disallowing impeachment of the prosecutrix for her fraudulent check convictions.

## II. HEARSAY TESTIMONY

At trial, the police dispatcher who spoke with the prosecutrix when she called to report the alleged attack was allowed to testify regarding the contents of their conversation. Further, police officers who spoke with the prosecutrix were also allowed to testify as to statements made during the course of the investigation. Appellant objected on the basis of hearsay. The judge allowed the testimony under the *res gestae* or "excited utterance" exception to the hearsay rule.

In order to qualify as part of the *res gestae*, a statement must be substantially contemporaneous with the litigated transaction and be the spontaneous utterance of the mind while under the active, immediate influence of the event. The rationale behind this exception lies in the special reliability accorded to a statement uttered in spontaneous excitement, which limits the declarant's powers of reflection and fabrication. *State v. Long*, 186 S. C. 439, 445, 195 S. E. 624, 626 (1938). There are no hard and fast rules as to when the *res gestae* ends. *Wallace v. State*, 151 Ga. App. 171, 259 S. E. (2d) 172, 173-174 (1979).

Whether or not utterances are admissible under the *res gestae* exception depends upon the particular circumstances of each case and is left to the sound discretion of the trial judge, whose rulings will not be disturbed absent a showing of an abuse of discretion. *Powers v. Temple,* 250 S. C. 149, 162, 156 S. E. (2d) 759, 765 (1967).

The statements made to the dispatcher were made when the prosecutrix reported the incident, at a time when she was in an extremely emotional state. These statements were therefore a part of the *res gestae* and were admissible. The dispatcher immediately sent an investigator to the prosecutrix's apartment and he arrived shortly after the call to the dispatcher. The investigator testified that the prosecutrix was "very upset, very emotional" and "shouting things." The investigator accompanied the prosecutrix to the scene of the incident where they were joined by another officer. Statements made by the prosecutrix at this time also qualify as part of the *res gestae. Accord: Jackson v. State,* 225 Ga. 39, 165 S. E. (2d) 711, 717 (1969) (statements of rape victim to officer upon first opportunity to tell what had occurred were part of the *res gestae*).

Later during the day, another investigator was assigned to the case and he interviewed the prosecutrix at approximately 5:00 p.m., over 15 hours after the incident occurred. Statements made at this time do not qualify as part of the *res gestae* as the prosecutrix was no longer under the active, immediate influence of the event. The trial court therefore erred in allowing testimony as to these statements.

## CONCLUSION

The trial court erred in failing to allow impeachment of the prosecutrix through introduction of her fraudulent check convictions. The trial court further erred in admitting hearsay testimony concerning statements made by the prosecutrix which did not qualify as part of the *res gestae.* Accordingly, we reverse and remand for a new trial.

Appellant has raised additional exceptions which are disposed of pursuant to Supreme Court Rule 23 and under the following authorities: Exceptions 2-4 (photographic line-up): *State v. Robinson,* 274 S. C. 198, 262 S. E. (2d) 729 (1980);

338

*State v. Denson,* 269 S. C. 407, 237 S. E. (2d) 761 (1977); Exceptions 9-11 (directed verdict): *State v. Spann,* 279 S. C. 399, 308 S. E. (2d) 518 (1983); *State v. Jenkins,* 278 S. C. 219, 294 S. E. (2d) 44 (1982); *State v. Butler,* 277 S. C. 452, 290 S. E. (2d) 1 (1982).

We need not reach appellant's remaining exceptions.

Reversed and remanded.

GREGORY, C.J., and CHANDLER, FINNEY and TOAL, JJ., concur.