## 23927

The STATE, Respondent v. Frank Carlton SCHUMPERT, Appellant.
(435 S.E. (2d) 859)

Supreme Court

*Jack B. Swerling,* Columbia and *Thomas H. Pope, III* of *Pope & Hudgens,* Newberry, *for appellant.*

*Attorney Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka,* Columbia, and *Sol. W. Townes Jones, IV,* Greenwood, *for respondent.*

Heard March 22, 1993.

Decided Aug. 28, 1993. Reh. Den. Sept. 22, 1993.

MOORE, Justice:

Appellant was convicted of criminal sexual conduct with a minor, kidnapping, and false imprisonment. We affirm the convictions for criminal sexual conduct and kidnapping and vacate the conviction for false imprisonment.

## FACTS

The victim was thirteen years old at the time of the alleged offense. She lived with her parents on Scurry Island Road which borders Lake Greenwood in Chappells, South Carolina. Appellant owned a lake house on the same road but did not reside there. He was sixty-three-years old at the time in question.

The victim testified that on a Saturday, either the 14th or 21st of April 1990, at around 4:00 to 5:00 p.m., she was walking along the road near her home when appellant pulled up in his pickup truck and began talking to her. She told him her parents had forbidden her to talk with him after she told them of a previous incident when he had kissed her on the mouth. Appellant then grabbed her and pulled her into the truck and drove to his lake house. He pulled her out of the truck while she struggled and took her into a bedroom where he raped her. After raping her, appellant went into the bathroom and the victim pulled up her clothing. When appellant came back into the bedroom and sat on the bed, she kicked him and ran out of the house into the woods. From her hiding place, she saw appellant leave in his truck.

The victim reported the rape to her guidance counselor three to four weeks later. A gynecologist examined her in May 1990. He testified her hymen was dilated, which is consisted with penetration, but there was no evidence of tearing or scarring. Appellant's defense at trial was alibi.

## ISSUES

1. Whether rape trauma evidence was improperly admitted.
2. Whether hearsay evidence was improperly admitted.
3. Whether appellant was prejudiced by the trial judge's charge regarding the time of the offense.
4. Whether the "no corroboration" charge was an impermissible charge on the facts.

## DISCUSSION

### 1. *Rape Trauma Evidence*

After the rape was reported, the victim was interviewed by Heather Odell from the Department of Social Services and Ruth Strait, a mental health counselor. Both Odell and Strait testified at trial regarding the victim's behavior after the rape.

Odell testified the victim appeared withdrawn and nervous, was tugging at her clothing, and had a difficult time maintaining eye contact at their interview. She described the victim as being in "a general state of nervousness and apprehension." Based on her observations, Odell referred the case for crime victim counselling. Odell also testified the victim's behavior was not attributable to normal teenage hormonal changes and she therefore concluded "this was a case of criminal child sexual assault."

Strait was qualified as an expert "in the field of sexual abuse." She testified the victim was tearful, nervous, and had fluctuating eating habits, nightmares, lethargy, hypervigilence, and problems with anger and guilt. Strait further testified the victim's behavioral symptoms were typical for a victim of sexual abuse.

First, appellant contends Odell and Strait were not qualified to give expert testimony on rape trauma syndrome. No issue was raised at trial regarding Odell's qualification as an expert. This issue is therefore not properly before us. *State v. Caldwell,* 283 S.C. 350, 322 S.E. (2d) 662 (1984).

As to Strait's qualification, we find no error. The qualification of a witness as an expert falls largely within the trial judge's discretion. *State v. Myers,* 301 S.C. 251, 391 S.E. (2d) 551 (1990). The party offering the expert has the burden of showing his witness possesses the necessary learning, skill, or practical experience to enable the witness to give opinion testimony. Generally, however, defects in the amount and quality of education or experience go to the weight of the expert's testimony and not its admissibility. *Id.* Strait testified she had a master's degree in social work and specialized in child and adolescent services. She attended training seminars regarding sexual abuse survivors and worked on more than one hundred cases involving sexually

abused children. We find no abuse of discretion in her qualification as an expert.

Appellant next claims error in the admission of rape trauma evidence to prove a rape actually occurred. He relies on *State v. Hudnall*, 293 S.C. 97, 359 S.E. (2d) 59 (1987), in which this Court held expert testimony regarding common behavioral characteristics exhibited by child victims of sexual abuse was not admissible to establish abuse had occurred. We held this evidence admissible only to rebut a defense claim that the victim's response was inconsistent with such a trauma.

In *State v. Alexander*, 303 S.C. 377, 401 S.E. (2d) 146 (1991), however, we held trauma testimony of a rape victim is relevant to prove the elements of criminal sexual conduct since such evidence makes it more or less probable that the offense occurred. We further held such evidence admissible where its probative value outweighs its prejudicial effect. *Id.* We now expressly overrule *State v. Hudnall* to the extent it is inconsistent with *State v. Alexander* and clarify that both expert testimony and behavioral evidence are admissible as rape trauma evidence to prove a sexual offense occurred where the probative value of such evidence outweighs its prejudicial effect.[1] We find the probative value of the rape trauma evidence in this case outweighs its prejudicial effect and therefore hold it was properly admitted.

## 2. *Hearsay*

Marian David, the victim's guidance counselor, testified the victim told her the rape occurred in the lake area where she lived. Ruth Strait, the mental health counselor, testified the victim hold her the rape occurred at "Carlton Shumpert's lake house." Appellant contends there statements were inadmissible hearsay.

It is a well-settled exception to the hearsay rule that in criminal sexual conduct cases when the victim testifies, evidence from other witnesses that she complained of the assault is admissible in corroboration limited to the time and place of the assault and excluding details or particulars.

---

[1] *State v. Bradley*, 293 S.C. 526, 362 S.E. (2d) 19 (1987), and *State v. Rogers*, 293 S.C. 505, 362 S.E. (2d) 7 (1987), are also overruled to the extent they are inconsistent herewith.

*Simpkins v. State*, 303 S.C. 364, 401 S.E. (2d) 142 (1991); *State v. Barrett*, 299 S.C. 485, 386 S.E. (2d) 242 (1989). Appellant contends, however, that the exception allowing these hearsay statements should be limited to res gestae and impeachment situations. We disagree.

This court has never limited this narrow hearsay exception to the rebuttal of impeachment evidence. The only requirement is that the victim testify. Further, appellant misapprehends res gestae. Res gestae is a separate exception to the hearsay rule which allows corroborative rape testimony without the time/place restriction. *See, e.g., State v. Harrison*, 298 S.C. 333, 380 S.E. (2d) 818 (1989); *see generally* 3A *Wigmore on Evidence* § 1139 (3d ed.).

Appellant also complains that Strait mentioned his name when specifying the location of the alleged rape. He claims this detail falls outside the exception allowing time/place corroboration. Although counsel raised this issue at the in limine hearing to determine the admissibility of corroborating evidence, he did not object when Strait actually testified. A ruling in limine is not a final ruling on the admissibility of evidence. *State v. Floyd*, 295 S.C. 518, 369 S.E. (2d) 842 (1988). Unless an objection is made at the time the evidence is offered and a final ruling made, the issue is not preserved for review. *Accord Bank v. N.C. Mut. Life Ins. Co.*, 186 S.C. 394, 195 S.E. 649 (1938) (objection to admissibility of evidence not considered on appeal absent final ruling by trial judge).

Moreover, two other witnesses testified without objection that the victim told them the rape occurred at "Carlton Schumpert's house." Appellant does not challenge on appeal the testimony of these two witnesses. Strait's testimony is merely cumulative and therefore any error is harmless. *State v. Johnson*, 298 S.C. 496, 381 S.E. (2d) 732 (1989).

### 3. *Charge regarding time*

The indictment in this case alleged the rape occurred between April 13 and May 18, 1990. During the state's case, however, the victim testified it definitely occurred on a Saturday and it was either Saturday, April 14 or Saturday, April 21. Appellant presented alibi testimony for

every Saturday between April 13 and May 18.

At the close of evidence, appellant requested the following charge:

> I charge you that the indictment is not evidence and only serves to put the defendant on notice of the charges against him. Where the State has limited its proof to certain dates that the offense is alleged to have taken place, you are limited to considering only those dates as to which there is proof that the offense occurred.

Instead the trial judge charged:

> The State is not required to prove that the offense occurred on any exact day between the alleged period of time. But the state is required to prove that the alleged offense did occur sometime during the period of April the 13th, 1990 and May the 18th, 1990. I charge you that time is not a material element of a sexual assault involving a child.

Appellant claims under these particular circumstances, where the State's own proof narrowed the time frame to two Saturdays in April, it was prejudicial to his pleas of alibi to allow the jury to find that the offense occurred any time during the time alleged in the indictment.

First, appellant relies on *State v. Rallo*, 304 S.C. 258, 403 S.E. (2d) 653 (1991). *Rallo*, however, is distinguishable. In *Rallo* the indictment was amended to allege the offense occurred on February 14. We held the trial judge erred in charging the jury the offense occurred "on or about" February 14 because the indictment alleged February 14 and the defendant had focused on that date in presenting evidence of alibi. Essentially, the defendant in *Rallo* did not have notice of any date other than that alleged in the indictment and it was error to charge the jury with a larger time period. Here, however, the trial judge charged the time period alleged in the indictment.

Further, we find no prejudice in this case from the charge given. Despite the charge allowing the jury to consider a larger time period than that introduced into evidence by the State, appellant produced alibi evidence for every weekend during the entire time period charged. We therefore find any error harmless beyond a reasonable doubt.

### 4. *"No corroboration" charge*

12   S.C. Code Ann. § 16-3-657 (1985) provides:

> The testimony of the victim need not be corroborated in prosecutions under §§ 16-3-652 through 16-3-658.

The trial judge charged the jury accordingly that "the testimony of the victim need not be corroborated in prosecutions under § 16-3-655, that being the offense of criminal sexual conduct with a minor." Appellant contends this statement was an erroneous charge on the facts.

The trial judge properly charged the jury it could believe any single witness over several, it was the sole judge of the facts, he had no opinion about those facts, and the State had the burden of proving the offense charged beyond a reasonable doubt. Taking the charge as a whole we find no reversible error. *Accord Lottie v. State,* 273 Ind. 529, 406 N.E. (2d) 632 (1980).

### CONCLUSION

Appellant's convictions for criminal sexual conduct with a minor and kidnapping are affirmed. The State concedes error in appellant's conviction for false imprisonment and we vacate that conviction. *See State v. Berntsen,* 295 S.C. 52, 367 S.E. (2d) 152 (1988). Appellant's remaining argument is affirmed pursuant to Rule 220(b), SCACR. *See State v. Mayfield,* 235 S.C. 11, 109 S.E. (2d) 716 (1959) (alibi).

Affirmed in part; vacated in part.

HARWELL, C.J., and CHANDLER and TOAL, JJ., concur.

FINNEY, J., dissenting in separate opinion.

FINNEY, Justice (dissenting):

I respectfully dissent. I would hold that expert testimony relating to sexual abuse trauma evidence is relevant and admissible only where it is offered to rebut a defense claim that the victim's actions were inconsistent with such trauma. *State v. Hudnall,* 293 S.C. 97, 359 S.E. (2d) 59 (1987). Here, appellant did not contest the victim's assertion that she had suffered a sexual assault but offered an alibi defense. Accordingly, since the rape trauma evidence was not relevant to the

sole issue at trial—identity—its admission constituted reversible error. *State v. Hudnall, supra.*

Further, contrary to the view of the majority, I do not perceive an irreconcilable conflict between our decision in *Hudnall* and in *State v. Alexander*, 303 S.C. 377, 401 S.E. (2d) 146 (1991). In *Alexander*, we held that where the only issue was consent, an alleged rape victim's testimony of her own emotional trauma was relevant. We found, however, that in that case the evidence was unduly prejudicial under its unique facts. This case, like *Hudnall* and unlike *Alexander*, involves the admissibility of *expert* testimony where it is not relevant to any defense. Since the testimony is not relevant and therefore not admissible, we need not weigh its prejudicial value against its probative effect. I would reverse on the basis of *Hudnall.*

I would also hold that the "no corroboration" charge based on S.C. Code Ann. § 16-3-657 (1985) was reversible error. It is axiomatic that a trial judge must not indicate an opinion or express a view reasonably calculated to influence the jury in deciding a material issue of fact because such comment is forbidden by S.C. Const. art. V, § 21. *State v. Simmons*, 209 S.C. 531, 41 S.E. (2d) 217 (1947). Since the charge specified only that the *victim's* testimony need not be corroborated, it appears to express an opinion on her credibility. In *State v. Bagwell*, 201 S.C. 387, 23 S.E. (2d) 244 (1943), this Court rejected a similar "no corroboration charge" in the context of accomplice testimony. The law found in Section 16-3-657 should not be charged to the jury. S.C. Const. art. V, § 21.

The majority does not discuss the propriety of the "no corroboration" charge itself, but instead holds that the jury charge as a whole did not constitute reversible error. I disagree. We have rejected such analysis in *State v. Bagwell, supra.* Further, the charge was especially prejudicial in this case because it was the victim's word against the defendant's. I would hold that the giving of this charge was reversible error. *Accord, Cox v. State*, 44 S.W. 157 (Tex. Crim. Ct. App. 1898).