THIS OPINION HAS NO PRECEDENTIAL 
 VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT 
 AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State, Respondent,
v.
Paul A. Gray, Appellant.
 
 
 

Appeal From Charleston County
John M. Milling, Circuit Court Judge

Unpublished Opinion No. 2004-UP-552
Submitted October 1, 2004  Filed November 
 1, 2004

AFFIRMED

 
 
 
Acting Chief Attorney Joseph L. Savitz, III, of the South Carolina 
 Office of Appellate Defense, of Columbia, for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney 
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, 
 and Senior Assistant Attorney General Harold M. Coombs, Jr., all of Columbia; 
 and Solicitor Ralph E. Hoisington, of Charleston; for Respondent.
 
 
 

PER CURIAM:  Paul A. Gray was convicted of first-degree criminal sexual 
 conduct (CSC) with a minor and sentenced to eighteen years imprisonment.  Gray 
 was also convicted of performing a lewd act on a minor and sentenced to eight 
 years imprisonment, suspended upon the service of five years probation, to be 
 served consecutively with the other sentence.  He was acquitted of another CSC 
 charge.  He appeals, arguing the trial court erred in admitting expert testimony 
 concerning the victims late reporting of the incident.  We affirm. 
FACTS
In 2001, the then eight-year-old 
 victim was living with her grandmother in McClellanville, South Carolina.  Loretta 
 Gray, Grays mother, would baby-sit the victim everyday from the time the victim 
 got home from school until her grandmother came home from work.  The victim 
 would often come to Grays house to drop off her books, walk to her grandmothers 
 house to get some food or a change of clothing, and return to Grays house until 
 her grandmother returned from work.  In April 2001, the victim went to stay 
 with her mother in North Charleston for spring break, and she told her that 
 Gray molested her.  Gray was indicted by the grand jury on two counts of CSC 
 with a minor and one count of performing a lewd act upon a minor.  
The victim testified at trial regarding several incidents occurring sometime 
 between January and April 2001.  According to the victim, Gray would often grab 
 her and either lie on top of her, put his hands down her underwear, or, on two 
 occasions, place his penis in her mouth in an attempt to force her to perform 
 oral sex on him.  The incidents occurred either at Grays house or at the victims 
 grandmothers house.  The victim also testified that she defended herself from 
 Gray each time he demanded oral sex by biting him and by wielding a knife on 
 one occasion when he placed his hands down her pants.  The victim stated she 
 was scared to tell anyone about the incidents, but she finally felt safe enough 
 to tell her mother because she was not near Gray at the time.  
The State sought to present 
 the testimony of counselor Allison Rogers regarding how a delay in reporting 
 abuse is common in child abuse cases.  Gray moved to exclude her testimony, 
 and the trial court allowed an in camera examination of Rogers.  
 Rogers testified in camera that delayed disclosure, which is the time 
 period between when abuse takes place and when the victim reports the abuse, 
 is common in child abuse cases.  Rogers stated children often delay disclosing 
 abuse because they are embarrassed or they are afraid of the repercussions.  
 Rogers also stated that children sometimes disclose with tentative disclosure 
 in which they initially deny the abuse, tentatively disclose the abuse to test 
 adults reactions, and then fully disclose the abuse when they feel comfortable 
 that they are safe and will be believed.  Gray objected to the admission of 
 the behavioral testimony as more prejudicial than probative.  The trial court 
 denied the motion, finding the testimony was relevant and any prejudicial effect 
 was outweighed by the probative value.   
After a short break, Rogers 
 took the stand and repeated her testimony regarding delayed reporting in front 
 of the jury.  Gray did not object to her qualification as an expert witness.  
 Gray was acquitted of one count of CSC, convicted of one count of first-degree 
 CSC with a minor, and convicted of performing a lewd act on a minor.  He appeals. 

STANDARD OF REVIEW
The question of whether to admit or exclude testimony of an expert witness 
 is within the discretion of the trial court.  State v. Weaverling, 337 
 S.C. 460, 474, 523 S.E.2d 787, 794 (Ct. App. 1999).  The trial courts ruling 
 on the admission of expert testimony will not be excluded absent an abuse of 
 discretion amounting to an error of law.  Id.  
LAW/ANALYSIS
Gray argues the trial court erred in admitting the testimony regarding delayed 
 reporting since the probative value was substantially outweighed by the prejudicial 
 effect.  We disagree.
Initially, the State argues this issue is not preserved for review.  Relying 
 on State v. Schumpert, 312 S.C. 502, 435 S.E.2d 859 (1993), the State 
 argues that Gray failed to renew his objection when Rogers testified in front 
 of the jury, and, thus, he never obtained a final ruling on the matter.  Generally, 
 a pre-trial ruling on the admission of evidence is not considered final and 
 a party must renew his objection at the time the evidence is admitted.  See 
 Schumpert, 312 S.C. at 507, 435 S.E.2d at 862 (Unless an objection is 
 made at the time the evidence is offered and a final ruling made, the issue 
 is not preserved for review.).  However, where the motion is ruled on immediately 
 prior to the introduction of the evidence in question and no other testimony 
 is presented to provide a basis for the trial court to change its ruling, the 
 ruling is final and no further objection is necessary.  State v. Tufts, 
 355 S.C. 493, 497, 585 S.E.2d 523, 525 (Ct. App. 2003), cert. denied 
 (June 24, 2004); Samples v. Mitchell, 329 S.C. 105, 109, 495 S.E.2d 213, 
 215 (Ct. App. 1997); State v. Mueller, 319 S.C. 266, 268-69, 460 S.E.2d 
 409, 410-11 (Ct. App. 1995).  In this case, the parties argued the motion during 
 the trial, Rogers testimony was taken in camera, and the trial court 
 ruled the testimony was admissible.  Under these facts, it is clear the trial 
 court made a final ruling on the matter and it is preserved for review.
As to the merits, Gray argues the behavioral evidence presented was prejudicial 
 because the scientific community believes late reporting actually corroborates 
 a belatedly told story of sexual molestation.  In Schumpert, our supreme 
 court held that expert testimony and behavioral evidence are admissible as 
 rape trauma evidence to prove a sexual offense occurred where the probative 
 value of such evidence outweighs its prejudicial effect.  Schumpert, 
 312 S.C. at 506, 435 S.E.2d at 862.  Similarly, this court held that expert 
 testimony regarding behavioral characteristics of sexual assault victims was 
 admissible: Such testimony is relevant and helpful in explaining to the jury 
 the typical behavior patterns of adolescent victims of sexual assault. . . . 
 It assists the jury in understanding some of the aspects of the behavior of 
 victims and provides insight into the sexually abused childs often strange 
 demeanor.  Weaverling, 337 S.C. at 475, 523 S.E.2d at 794 (citation 
 omitted).  
Rogers testimony in the present case explained to the jury that child victims 
 of sexual assault often delay reporting abuse until they are assured that adults 
 will take them seriously and they will be protected.  The victim also testified 
 that she did not reveal the abuse to her mother until she was away from Gray.  
 Rogers testimony explained the victims reaction, and it was thus more probative 
 than prejudicial in this instance.  We find the trial court did not abuse its 
 discretion. 
CONCLUSION
Based on the foregoing, Grays convictions and sentences are 
AFFIRMED. [1]   
STILWELL, BEATTY, and SHORT, JJ., concur.

 
 [1] We decide this case without oral argument pursuant 
 to Rule 215, SCACR.