THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 The State, Respondent,
 
 
 
 
 

v.

 
 
 
 
 Ricky B.
 Williams, Appellant.
 
 
 
 
 

Appeal From Sumter County
George C. James, Jr., Circuit Court Judge

Unpublished Opinion No. 2010-UP-471
 Submitted October 1, 2010  Filed October
28, 2010    

AFFIRMED

 
 
 
 Appellate Defender Elizabeth A.
 Franklin-Best, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief
 Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley
 W. Elliott, and Assistant Attorney General Julie M. Thames, all of Columbia; and
 Solicitor C. Kelly Jackson, of Sumter, for Respondent.
 
 
 

PER CURIAM: Ricky
 B. Williams appeals his first-degree burglary conviction.  On appeal, Williams
 argues the trial court abused its
 discretion by allowing expert witnesses' testimony regarding the victim's
 post-traumatic stress disorder diagnosis and subsequent treatment the victim received
 to treat her mental health issues resulting from the alleged criminal sexual
 conduct.   We affirm[1] pursuant to Rule 220(b)(1),
 SCACR, and the following authorities: Rule 403, SCRE (providing relevant evidence is admissible unless "its
 probative value is substantially outweighed by the danger of unfair prejudice,
 confusion of the issues, or misleading the jury, or by considerations of undue
 delay, waste of time, or needless presentation of cumulative evidence"); State
 v. White, 361
 S.C. 407, 415, 605 S.E.2d 540, 544 (2004) (holding any prejudice caused by rape
 trauma evidence does not outweigh its probative value when the "purpose of
 admitting rape trauma evidence [is] to refute the defendant's contention
 that the sex was consensual and to prove that a sexual offense occurred"); State
 v. Schumpert, 312 S.C. 502, 506, 435 S.E.2d 859, 861-62 (1993) (finding rape
 trauma evidence "admissible where its probative value outweighs its prejudicial effect");  State
 v. Alexander, 303 S.C. 377, 381, 401
 S.E.2d 146, 149 (1991) (finding evidence
 of a victim's mental trauma and behavioral and personality changes is relevant
 to prove the elements of criminal sexual conduct because such evidence makes it
 "more or less probable that the offense occurred"). 
AFFIRMED.
WILLIAMS,
 PIEPER, and KONDUROS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.