**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Rafael Horlbeck, Appellant.

Appellate Case No. 2010-160770

Appeal From Charleston County
Deadra L. Jefferson, Circuit Court Judge

Unpublished Opinion No. 2012-UP-393
Heard June 6, 2012 – Filed June 27, 2012

**AFFIRMED**

Deputy Chief Appellate Defender Wanda H. Carter, of South Carolina Commission on Indigent Defense, of Columbia, for Appellant.

Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Donald J. Zelenka, Senior Assistant Attorney General William Edgar Salter, III, all of Columbia; and Solicitor Scarlett Anne Wilson, of Charleston, for Respondent.

**PER CURIAM:** Appellant Rafael Horlbeck appeals his conviction and sentence for murder, arguing the trial court erred by allowing the State to introduce into evidence a former codefendant's proffer agreement and accompanying letter. Horlbeck claims this evidence constituted improper bolstering because it showed the solicitor's personal belief that the former codefendant's testimony was truthful. We affirm.

1. As to the proffer agreement, we find this evidence did not constitute improper bolstering because Horlbeck, not the State, was the first party to mention the proffer agreement and the witness' obligations pursuant to the agreement. Furthermore, the record does not indicate that the State vouched for or made any assurances of the witness' veracity. *See State v. Shuler*, 344 S.C. 604, 630, 545 S.E.2d 805, 818 (2001) ("A witness' testimony concerning a plea agreement with the prosecution does not necessarily constitute improper [bolstering]."); *id.* ("Improper [bolstering] occurs when the prosecution places the government's prestige behind a witness by making explicit personal assurances of a witness' veracity, or where a prosecutor implicitly vouches for a witness' veracity by indicating information not presented to the jury supports the testimony." (citation omitted)); *id.* at 631, 545 S.E.2d at 819 (finding the prosecution did not improperly bolster the witness' testimony because the solicitor did not go into the details of the plea agreement until after the defense attacked the credibility of the witness on cross-examination and the solicitor did not imply special knowledge or express a personal belief as to the truth of witness' testimony).

2. As to the letter accompanying the proffer agreement, we find the issue unpreserved because Horlbeck expressly stated he had no objection to the State's motion to enter the letter into evidence. *See State v. Byers*, 392 S.C. 438, 444, 710 S.E.2d 55, 58 (2011) ("For an objection to be preserved for appellate review, the objection must be made at the time the evidence is presented . . . ." (citation omitted)); *State v. Schumpert*, 312 S.C. 502, 507, 435 S.E.2d 859, 862 (1993) ("Unless an objection is made at the time the evidence is offered and a final ruling made, the issue is not preserved for review." (citation omitted)). Even if Horlbeck did properly preserve this issue, the letter did not constitute improper bolstering for the same reasons the proffer agreement did not constitute improper bolstering.

**AFFIRMED.**

**PIEPER, KONDUROS, and GEATHERS, JJ., concur.**