**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

William Pou, Appellant.

Appellate Case No. 2012-213617

Appeal From Aiken County
Doyet A. Early, III, Circuit Court Judge

Unpublished Opinion No. 2015-UP-115
Submitted February 1, 2015 – Filed March 4, 2015

**AFFIRMED**

Chief Appellate Defender Robert Michael Dudek, of
Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior
Assistant Attorney General David A. Spencer, both of
Columbia; and Solicitor James Strom Thurmond, Jr., of
Aiken, for Respondent.

**PER CURIAM:**  Affirmed pursuant to Rule 220(b), SCACR, and the following
authorities: *State v. Chavis*, Op. No. 27491 (S.C. Sup. Ct. filed Feb. 4, 2015)
(Shearouse Adv. Sh. No. 5 at 20, 23) ("A trial court's decision to admit or exclude

expert testimony will not be reversed absent a prejudicial abuse of discretion."); Rule 702, SCRE ("If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise."); *State v. Weaverling*, 337 S.C. 460, 474-75, 523 S.E.2d 787, 794 (Ct. App. 1999) ("Expert testimony concerning common behavioral characteristics of sexual assault victims and the range of responses to sexual assault encountered by experts is admissible. . . . It assists the jury in understanding some of the aspects of the behavior of victims and provides insight into the sexually abused child's often strange demeanor."); *Chavis* at 25 ("'[I]t is improper for a witness to testify as to his or her opinion about the credibility of a child victim in a sexual abuse matter.'" (quoting *State v. Kromah*, 401 S.C. 340, 358-59, 737 S.E.2d 490, 500 (2013))); *State v. Schumpert*, 312 S.C. 502, 506, 435 S.E.2d 859, 862 (1993) ("[B]oth expert testimony and behavioral evidence are admissible as rape trauma evidence to prove a sexual offense occurred where the probative value of such evidence outweighs its prejudicial effect.").

**AFFIRMED.**[1]

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.