**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Michael C. Andes, Appellant.

Appellate Case No. 2011-204706

———————————

Appeal From Berkeley County
Kristi Lea Harrington, Circuit Court Judge

———————————

Unpublished Opinion No. 2015-UP-193
Heard March 11, 2015 – Filed April 8, 2015

———————————

**AFFIRMED**

———————————

Appellate Defender Benjamin John Tripp, of Columbia,
for Appellant.

Attorney General Alan McCrory Wilson and Senior
Assistant Attorney General David A. Spencer, both of
Columbia, for Respondent.

———————————

**PER CURIAM:** Michael C. Andes appeals his conviction for criminal sexual conduct in the first degree, arguing the circuit court abused its discretion in allowing the State's psychological expert to testify. Andes contends the expert's testimony was not helpful to the jury because (1) it was not meaningfully

connected to the facts of the case, (2) the expert conflated her psychological understanding of consent and assault with those legal concepts at issue in the trial, (3) the expert's testimony was within the common knowledge and common sense of the jury, and (4) the only effect of the expert's testimony was to boost the credibility of the victim and usurp the role of the jury. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the circuit court should have prohibited the State's psychological expert from testifying because her testimony was not meaningfully connected to the facts of the case: *State v. Weaverling*, 337 S.C. 460, 474, 523 S.E.2d 787, 794 (Ct. App. 1999) ("[B]oth expert testimony and behavioral evidence are admissible as rape trauma evidence to prove a sexual offense occurred where the probative value of such evidence outweighs its prejudicial effect." (alteration in original) (quoting *State v. Schumpert*, 312 S.C. 502, 506, 435 S.E.2d 859, 862 (1993)) (internal quotation marks omitted)); *id.* at 475, 523 S.E.2d at 794 ("There is no requirement the sexual assault victim be personally interviewed or examined by the expert before the expert can give behavioral evidence testimony."); *id.* at 475, 523 S.E.2d at 794-95 (finding an expert's behavioral evidence testimony relevant and properly admitted in a child sexual abuse case despite the expert's limited knowledge of the case and failure to meet or interview the victim).

2. As to Andes's remaining arguments: *State v. Walker*, 366 S.C. 643, 660, 623 S.E.2d 122, 130 (Ct. App. 2005) ("An issue may not be raised for the first time on appeal, but must have been raised to the trial judge to be preserved for appellate review."); *State v. Carlson*, 363 S.C. 586, 597, 611 S.E.2d 283, 288 (Ct. App. 2005) ("Arguments not raised to or ruled upon by the trial court are not preserved for appellate review.").[1]

**AFFIRMED.**

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] During the expert's testimony at trial, Andes made a relevancy objection to the solicitor's question regarding contact between perpetrators and victims of sexual assault. At oral argument, appellate counsel claimed this objection conveyed Andes's position that the expert was conflating her psychological understanding of consent and assault with those legal concepts at issue in the trial. However, the record contains no indication Andes raised that issue, or any of his other remaining arguments, to the circuit court.