**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Dominique M. Ross, Appellant.

Appellate Case No. 2014-000958

---

Appeal From Richland County
Roger L. Couch, Circuit Court Judge

---

Unpublished Opinion No. 2016-UP-231
Submitted April 1, 2016 – Filed June 1, 2016

---

**AFFIRMED**

---

Appellate Defender LaNelle Cantey DuRant, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Assistant Attorney General Mark Reynolds Farthing, and Solicitor Daniel Edward Johnson, all of Columbia, for Respondent.

---

**PER CURIAM:** Dominique M. Ross appeals her convictions of first-degree burglary and armed robbery, arguing the trial court erred in admitting evidence of

her flight as guilt and allowing the State to argue flight as evidence of guilt.  We affirm pursuant to Rule 220 and the following authorities:

1.  We hold the trial court did not err in permitting references to Ross's flight as evidence of guilt in the opening statements.  *See State v. Kornahrens*, 290 S.C. 281, 284, 350 S.E.2d 180, 183 (1986) ("The solicitor is permitted in opening statement to outline the facts the [S]tate intends to prove.  As long as the State introduces evidence to reasonably support the stated facts, there is no error." (internal citation omitted)).

2.  Because Ross failed to object to the admission of the flight evidence at trial or during the State's closing argument, we hold her remaining arguments are unpreserved.  *See State v. Schumpert*, 312 S.C. 502, 507, 435 S.E.2d 859, 862 (1993) ("A ruling in limine is not a final ruling on the admissibility of evidence.  Unless an objection is made at the time the evidence is offered and a final ruling made, the issue is not preserved for review." (internal citation omitted)); *State v. Wiggins*, 330 S.C. 538, 550, 500 S.E.2d 489, 496 (1998) (providing a defendant's failure to object to the State's comments during closing arguments precludes appellate review of the issue).

**AFFIRMED.**[1]

**SHORT and THOMAS, JJ., and CURETON, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.