**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Willie Marion Brown, Appellant.

Appellate Case No. 2014-001666

———————————

Appeal From Williamsburg County
George C. James, Jr., Circuit Court Judge

———————————

Unpublished Opinion No. 2016-UP-298
Submitted March 1, 2016 – Filed June 15, 2016

———————————

**AFFIRMED**

———————————

Lionel S. Lofton and William H. Waring, III, both of
Lofton & Lofton, PC, of Charleston; and G. Wells
Dickson, Jr., of Kingstree, for Appellant.

Attorney General Alan McCrory Wilson and Senior
Assistant Deputy Attorney General John Benjamin Aplin,
both of Columbia; and Solicitor Ernest Adolphus Finney,
III, of Sumter, for Respondent.

———————————

**PER CURIAM:** Willie Marion Brown appeals his convictions for first-degree
criminal sexual conduct with a minor and committing a lewd act on a minor.

Brown argues the trial court erred in admitting evidence of prior bad acts and improper bolstering testimony. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the trial court erred in admitting testimony regarding prior bad acts committed by Brown: *State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion."); *State v. Wallace*, 384 S.C. 428, 432, 683 S.E.2d 275, 277 (2009) ("Evidence of other bad acts is not admissible to prove the defendant's guilt except to show . . . existence of a common scheme or plan . . . ."); *id.* at 433, 683 S.E.2d at 278 (stating "the trial court must analyze the similarities and dissimilarities between the crime charged and the bad act evidence to determine whether there is a close degree of similarity"); *id.* ("When the similarities outweigh the dissimilarities, the bad act evidence is admissible under Rule 404(b)[, SCRE]."); *id.* at 434 n.5, 683 S.E.2d at 278 n.5 ("Requiring a 'connection' between the crime charged and the bad act evidence is simply a requirement that the two be factually similar and does not add an additional layer of analysis."); *id.* at 435, 683 S.E.2d at 278 (stating the trial court must conduct a Rule 403, SCRE analysis after finding prior bad act evidence admissible); Rule 403, SCRE ("Although relevant, evidence may excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . .").

2.  As to whether the trial court erred in admitting expert testimony: *Pagan*, 369 S.C. at 208, 631 S.E.2d at 265 ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion."); *State v. Weaverling*, 337 S.C. 460, 474, 523 S.E.2d 787, 794 (Ct. App. 1999) ("[B]oth expert testimony and behavioral evidence are admissible as rape trauma evidence to prove a sexual offense occurred whe[n] the probative value of such evidence outweighs its prejudicial effect." (quoting *State v. Shumpert*, 312 S.C. 502, 506, 435 S.E.2d 859, 862 (1993))); *id.* at 474-75, 523 S.E.2d at 794 (stating "expert testimony concerning common behavioral characteristics of sexual assault victims and the range of responses to sexual assault encountered by experts is admissible" because it helps the jury understand victims' "often strange behavior"); *State v. Brown*, 411 S.C. 332, 345, 768 S.E.2d 246, 253 (Ct. App. 2015) ("The fact that [the expert's] testimony corroborated some of the . . . victims' reasons for delaying disclosure of the abuse does not mean her testimony improperly bolstered their accounts."); *State v. Kromah*, 401 S.C. 340, 360, 737 S.E.2d 490, 500 (2013)

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

(providing that a forensic interviewer may testify regarding the time, date, and circumstances of the interview); *State v. Barrett*, Op. No. 5395 (S.C. Ct. App. filed Mar. 23, 2016) (Shearouse Adv. Sh. No. 12 at 80-81) (holding the trial court did not err in qualifying the expert and admitting her testimony while acknowledging "the more prudent practice would have been to call an independent mental health professional in lieu of the forensic interviewer").

**AFFIRMED.**

**LOCKEMY, C.J., and WILLIAMS and MCDONALD, JJ., concur.**