**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Gary Cliffton Hamilton, Appellant.

Appellate Case No. 2014-001665

Appeal From Pickens County
G. Edward Welmaker, Circuit Court Judge

Unpublished Opinion No. 2016-UP-379
Heard June 9, 2016 – Filed July 27, 2016

**AFFIRMED**

Appellate Defender Susan Barber Hackett, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Deputy Attorney General David A. Spencer, both of Columbia; and William Walter Wilkins, III, of Greenville, for Respondent.

**PER CURIAM:** Gary Cliffton Hamilton appeals his convictions for criminal sexual conduct with a minor in the first degree and committing a lewd act upon a

minor, arguing the trial court erred in admitting the testimony of an expert in child abuse dynamics because (1) the testimony concerned information within the realm of lay knowledge, (2) the State presented no evidence of the expert's reliability, (3) the testimony improperly bolstered the minor complainant's credibility, and (4) the testimony was unfairly prejudicial.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court erred in admitting the expert's testimony because it concerned information within the realm of lay knowledge: *State v. Brown*, 411 S.C. 332, 338, 768 S.E.2d 246, 249 (Ct. App. 2015) ("The [trial] court's decision to admit expert testimony will not be reversed on appeal absent a manifest abuse of discretion accompanied by probable prejudice." (quoting *State v. Douglas*, 369 S.C. 424, 429, 632 S.E.2d 845, 847−48 (2006)));  Rule 702, SCRE ("If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise."); *Watson v. Ford Motor Co.*, 389 S.C. 434, 445, 699 S.E.2d 169, 175 (2010) ("Expert testimony may be used to help the jury to determine a fact in issue based on the expert's specialized knowledge, experience, or skill and is necessary in cases in which the subject matter falls outside the realm of ordinary lay knowledge."); *State v. Weaverling*, 337 S.C. 460, 474−75, 523 S.E.2d 787, 794 (Ct. App. 1999) ("Expert testimony concerning common behavioral characteristics of sexual assault victims and the range of responses to sexual assault encountered by experts is admissible.  Such testimony is relevant and helpful in explaining to the jury the typical behavior patterns of adolescent victims of sexual assault.  It assists the jury in understanding some of the aspects of the behavior of victims and provides insight into the sexually abused child's often strange demeanor."  (citations omitted)); *Brown*, 411 S.C. at 342, 768 S.E.2d at 251 ("[T]he unique and often perplexing behavior exhibited by child sex abuse victims does not fall within the ordinary knowledge of a juror with no prior experience—either directly or indirectly—with sexual abuse.  The general behavioral characteristics of child sex abuse victims are, therefore, more appropriate for an expert qualified in the field to explain to the jury, so long as the expert does not improperly bolster the victims' testimony.").

2. As to whether the trial court erred in admitting the expert's testimony because the State presented no evidence of the expert's reliability: *State v. Brown*, 402 S.C. 119, 125 n.2, 740 S.E.2d 493, 496 n.2 (2013) (stating for an issue to be preserved for appellate review it must have been raised to and ruled upon by the trial court)

3. As to whether the trial court erred in admitting the expert's testimony because it improperly bolstered the minor complainant's credibility: *State v. Kromah*, 401 S.C. 340, 358, 737 S.E.2d 490, 499 (2013) ("[E]ven though experts are permitted to give an opinion, they may not offer an opinion regarding the credibility of others."); *Brown*, 411 S.C. at 343, 768 S.E.2d at 252 ("[I]t is improper for a witness to testify as to his or her opinion about the credibility of a child victim in a sexual abuse matter." (quoting *Kromah,* 401 S.C. at 358−59, 737 S.E.2d at 500)); *id.* ("In *Kromah,* our supreme court held forensic interviewers should avoid (1) stating the child was instructed to be truthful; (2) offering a direct opinion on the 'child's veracity or tendency to tell the truth'; (3) indirectly vouching for the child, 'such as stating the interviewer has made a "compelling finding" of abuse'; (4) indicating 'the interviewer believes the child's allegations in the current matter'; or (5) opining 'the child's behavior indicated the child was telling the truth.'" (quoting *Kromah*, 401 S.C. at 360, 737 S.E.2d at 500)); *id.* at 344−45, 768 S.E.2d at 252−53 (finding the testimony of the expert in child abuse dynamics and disclosure did not improperly bolster the minor victims' testimony because the expert did not make any of the statements prohibited in *Kromah* and "never commented on the credibility of the minor victims, but rather offered admissible expert testimony regarding the general behavioral characteristics of child sex abuse victims"); *id.* at 345, 768 S.E.2d at 253 (finding the fact the expert's "testimony corroborated some of the minor victims' reasons for delaying disclosure of the abuse [did] not mean her testimony improperly bolstered their accounts").

4. As to whether the trial court erred in admitting the expert's testimony because it was unfairly prejudicial: Rule 403, SCRE ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."); *State v. Dennis*, 402 S.C. 627, 636, 742 S.E.2d 21, 26 (Ct. App. 2013) ("Unfair prejudice does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence; rather it refers to evidence which tends to suggest decision on an improper basis." (quoting *State v. Gilchrist*, 329 S.C. 621, 630, 496 S.E.2d 424, 429 (Ct. App. 1998))); *State v. Adams*, 354 S.C. 361, 378, 580 S.E.2d 785, 794 (Ct. App. 2003) ("We review a trial court's decision regarding Rule 403 pursuant to the abuse of discretion standard and are obligated to give great deference to the trial court's judgment."); *Weaverling*, 337 S.C. at 474, 523 S.E.2d at 794 ("[B]oth expert testimony and behavioral evidence are admissible as rape trauma evidence to prove a sexual offense occurred where the

probative value of such evidence outweighs its prejudicial effect." (alteration in original) (quoting *State v. Schumpert*, 312 S.C. 502, 506, 435 S.E.2d 859, 862 (1993))); *Brown*, 411 S.C. at 347−48, 768 S.E.2d at 254 (finding the high probative value of the expert's testimony outweighed any prejudicial effect because (1) the expert's "testimony was relevant to help the jury understand various aspects of victims' behavior and provided insight into the often strange demeanors of sexually abused children"; (2) the expert's testimony "assisted in explaining the psychological effects of sexual abuse on child victims' behavior—a topic about which neither the children nor a lay witness did or could have properly testified"; (3) the expert's testimony was "crucial in explaining to the jury why child sex abuse victims are often unable to effectively relay incidents of criminal sexual abuse"; (4) the expert "did not repeat any of the minor victims' allegations, vouch for their credibility, or otherwise make any statements that improperly corroborated their testimony at trial"; and (5) the expert was not qualified as an expert in forensic interviewing).

**AFFIRMED.**

**LOCKEMY, C.J., and WILLIAMS and MCDONALD, JJ., concur.**