2411

The STATE, Respondent v. William Craig KIMSEY, Appellant.
(465 S.E. (2d) 128)

Court of Appeals

*Chief Attorney Daniel T. Stacey*, of *South Carolina Office of Appellate Defense*, of Columbia, *for appellant*.

*Attorney General T. Travis Medlock, Chief Deputy Attorney General Donald J. Zelenka, Senior Assistant Attorney General Harold M. Coombs, Jr.,* and *Assistant Attorney General Alexandria B. Skinner,* all of Columbia; and *Solicitor W. Townes Jones, IV,* of Greenwood, *for respondent.*

Heard Sept. 13, 1995.

Decided Nov. 6, 1995; Reh. Den. Dec. 21, 1995.

HOWELL, Chief Judge:

William Craig Kimsey appeals from his convictions for burglary and grand larceny. We affirm.

Acting on a tip from a confidential informant, Abbeville police searched Kimsey's home and recovered several items, including seven rings, which had been stolen from the home of Timothy Haynie. According to the police, Kimsey confessed to the burglary after they found the rings. Officer Marion T. Johnson, Jr., testified after Kimsey had been given his *Miranda* rights, he asked to speak to Officer Johnson because Kimsey had known him in the past. Johnson further testified Kimsey gave a detailed oral statement involving himself and Stevie May in the burglary. The trial judge conducted a hearing into the voluntariness of the confession and ruled Kimsey was properly advised of his rights under *Miranda* and the statement was freely and voluntarily given.

At trial, Kimsey testified in his own defense and denied receiving the *Miranda* warnings and confessing to the crimes. Kimsey further testified that approximately two weeks before the search, Larry Johnson had given him the property and asked Kimsey to hold it. On cross-examination, over Kimsey's objection, the State repeatedly asked Kimsey why he did not tell the police about Larry Johnson at the time he was arrested or during the time he was in jail. The cross-examination included the following questions:

Q. Okay. All right. So you didn't tell him that night [the night of the search] where you had gotten the rings?

\* \* \* \* \* \*

Q. You didn't tell him that night; you didn't say, hey, Chief Deputy, wait a minute; I got those rings from— from Mr. Johnson, from Mr. Larry Johnson? You didn't

tell him that's where you'd gotten those rings; you were just holding them for him, did you?

\* \* \* \* \* \*

Q. You hadn't told anybody the whole time you were in jail before you ever talked to a lawyer that you got these rings from Larry Johnson?

\* \* \* \* \* \*

Q. Let me ask you the question. The night they came to your house with the search warrant, they came out and showed you these rings. Why didn't you tell them, hey, I'm just holding those for Larry Johnson, y'all. I, you know, those aren't my rings. Why didn't you tell them that?

On appeal, Kimsey contends the State's cross-examination of him amounted to an unconstitutional comment on his right to remain silent. We disagree.

While *Doyle* bars the use against a criminal defendant ■■ of silence maintained after receipt of government assurances, *Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed. (2d) 91 (1976), a defendant who voluntarily speaks after being given *Miranda* warnings has not heeded the admonitions of the government and has not in any way relied on governmental assurances, but to the contrary, has chosen not to remain silent. When the defendant gives a different version of his involvement in the offense at trial, *Doyle* does not apply. Cross-examination at that point does not make unfair use of silence, but merely inquires into prior inconsistent statements occasioned by the defendant not remaining silent at all. *Anderson v. Charles*, 447 U.S. 404, 100 S.Ct. 2180, 65 L.Ed. (2d) 222 (1980). In *Anderson v. Charles*, the court recognized a defendant may be cross-examined about prior statements that are inconsistent with his trial testimony, and inconsistent descriptions of events may be said to involve "silence" insofar as they omit facts included in other statements. *Id.* Similarly, in this case, Kimsey's testimony at trial was inconsistent with the testimony of Kimsey's confession. Thus, the trial court properly permitted the State to cross-examination Kimsey on the inconsistent statements.

For the foregoing reasons, the verdict is

Affirmed.

Shaw and Connor, JJ., concur.