528 S.E.2d 668

**The STATE, Respondent,**

v.

**Scott Fitzgerald GRIFFIN, Appellant.**

No. 25082.

Supreme Court of South Carolina.

Heard Feb. 1, 2000.

Decided March 6, 2000.

■

---

Deputy Chief Attorney Joseph L. Savitz, III, of S.C. Office of Appellate Defense, of Columbia, for appellant.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka, and Assistant Attorney General S. Creighton Waters, all of Columbia; and Solicitor George M. Ducworth, of Anderson, for respondent.

MOORE, Justice:

Appellant was convicted of two counts of murder, two counts of possession of a firearm during commission of a violent crime, armed robbery, and criminal conspiracy.[1] He appeals on the ground hearsay evidence was improperly admitted. We affirm.

## FACTS

Spenser Mansel was the State's lead witness. He testified that on the night of October 16, 1996, he visited appellant at appellant's home. He and appellant discussed plans to rob and kill Tory Green, a known drug dealer. The plan was to have Tory meet them at appellant's house and they would drive to a rural area in Tory's car. Bob Carter and Kevin Martin, two other friends also present at appellant's house that night, agreed to pick them up after Tory was killed.

Someone called Tory to arrange a meeting. When Tory arrived, Cynthia Jiminez was with him. Spenser, appellant, Tory, and Cynthia left together in Tory's car as planned. Tory drove and Cynthia was in the passenger seat. Appellant sat in the back behind Cynthia and Spenser sat behind Tory. They drove to the designated spot and sat for a few minutes chatting. Appellant then shot Tory in the back of the head. Cynthia screamed and appellant shot her in the head. At appellant's direction, Spenser removed two bags of marijuana

---

1. Appellant was sentenced to two life terms for the murders, two five-year terms for the firearm charges, twenty-five years for armed robbery, and five years for conspiracy, all to run consecutively.

from Tory's car. Appellant and Spenser began walking and Bob and Kevin picked them up shortly thereafter.

Bob and Kevin corroborated Spenser's account of the plan and the pick-up from the scene. Kevin testified appellant told him he had fired the shots. Forensic evidence corroborated that the shooter was sitting behind the passenger as Spenser had testified.

In his defense, appellant testified that although Kevin and Spenser came to his house the night of the murder, he did not leave his house that night and he was not in the car when Tory and Cynthia were killed.

The State's case also included the testimony of Cynthia's cousin, Priscilla, who was with Cynthia and Tory while Tory talked on the telephone before the meeting at appellant's house. Priscilla testified that when Tory hung up the phone, he told her he "had to meet Scott (appellant) and someone else" who wanted to buy two or three pounds of marijuana. Appellant contends the admission of this evidence is reversible error.

## DISCUSSION

The State moved in limine to admit Priscilla's testimony that Tory planned to meet appellant on the night of the murders. The State argued the evidence was admissible under Rule 803(1), SCRE, as a present sense impression, or under Rule 803(3), SCRE, as a then existing state of mind, or under Rule 801(d)(2)(E), SCRE, as a statement of a co-conspirator. The trial judge ruled it was admissible as a present sense impression, as a co-conspirator's statement, and as a statement against interest by an unavailable declarant under Rule 804(b)(3), SCRE. When Priscilla testified, no objection was made.

First, an in limine ruling is not final and does not preserve the issue for appeal. *State v. Schumpert,* 312 S.C. 502, 435 S.E.2d 859 (1993). Further, the evidence that Tory planned to meet appellant that night to sell him drugs is merely cumulative to the properly admitted testimony of Spenser, Kevin, and Bob. There is no reversible error in the admission of evidence that is cumulative to other evidence

properly admitted. *State v. Williams,* 321 S.C. 455, 469 S.E.2d 49 (1996).

In any event, Priscilla's testimony is admissible under Rule 803(3) which provides for the admission of "a statement of the declarant's then existing state of mind ... (such as intent [or] plan)." [2] While this Court has not specifically addressed the issue, several state courts have found a statement by the victim that he or she planned to meet the defendant at the time or place of the murder is admissible under Rule 803(3) as evidence of the declarant's then-existing state of mind. *State v. Via,* 146 Ariz. 108, 704 P.2d 238 (1985); *State v. Abernathy,* 265 Ark. 218, 577 S.W.2d 591 (1979); *State v. Taylor,* 332 N.C. 372, 420 S.E.2d 414 (1992); *see generally* Annotation, *Admissibility of Evidence of Declarant's Then–Existing Mental, Emotional, or Physical Condition under Rule 803(3) of the Uniform Rules of Evidence and Similar Formulations,* 57 A.L.R.5th 141, § 5[a] (1998).

■■■ We conclude appellant cannot show prejudice from the admission of Priscilla's testimony since the evidence Tory planned to meet appellant was merely cumulative to other evidence that was properly admitted. In any event, the evidence is admissible under Rule 803(3) as evidence of the declarant's (Tory's) then-existing state of mind.[3]

**AFFIRMED.**

TOAL, Acting C.J., WALLER, BURNETT, JJ., and Acting Associate Justice EDWARD B. COTTINGHAM, concur.

---

**2.** Although Rule 803(3) was not the basis for the trial judge's ruling, it was raised by the State as a ground for admission of the evidence. We may affirm on any ground appearing in the record. Rule 220(c), SCACR.

**3.** This evidence is *not* admissible as a statement by a co-conspirator since it was made to a bystander and did not advance any purported conspiracy with appellant to sell drugs. *State v. Anders,* 331 S.C. 474, 503 S.E.2d 443 (1998) (statement by a co-conspirator must advance the conspiracy to be admissible under Rule 801(d)(2)(E)). Nor is it admissible under Rule 803(1) as a present sense impression. This rule allows for the admission of "a statement describing or explaining an event or condition made while the declarant was *perceiving* the event or condition, or immediately thereafter." Tory's statement that he was going to meet appellant was a statement regarding a *future* event and not a

statement regarding something contemporaneously perceived. Further, it is questionable whether Tory's statement would be admissible against appellant under Rule 804(b)(3). We recently held in *State v. Fuller*, 337 S.C. 236, 523 S.E.2d 168 (1999), that an unavailable declarant's statement against interest is not admissible to inculpate the defendant. Unlike this case, however, in *Fuller* the declarant's statement directly inculpated the defendant in the crime with which he was charged. We express no opinion on the impact of *Fuller* in this case.