THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Alphonso Simmons, Jr., Appellant.
 
 
 

Appeal From Lexington County
Thomas A. Russo, Circuit Court Judge

Unpublished Opinion No.   2011-UP-212
Submitted May 1, 2011  Filed May 11, 2011

AFFIRMED

 
 
 
 Appellate Defender Kathrine H. Hudgins, of Columbia, for Appellant.
 Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Senior
 Assistant Attorney General Norman Mark Rapoport, all of Columbia; and Solicitor Donald V. Myers, of Lexington, for Respondent.
 
 
 

PER CURIAM:  Alphonso Simmons, Jr., appeals his convictions for armed robbery and second-degree burglary.  He argues the trial court erred
in admitting a letter purportedly signed by him and written to his arresting detective because that admission did not comply with the requirements of Doyle
v. Ohio, 426 U.S. 610 (1976), document authentication, and hearsay rules.  He also argues the trial court erred in admitting other statements he made
to the arresting detective under the rules of Doyle, document authentication, hearsay evidence, and Miranda v. Arizona, 384 U.S. 436 (1966).
 We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities:
1.  As to whether the trial court erred in admitting the letter under Doyle: State v. Holliday, 333 S.C. 332, 340, 509 S.E.2d 280, 284
(Ct. App. 1998) ("The State cannot, through evidence or the solicitor's argument, comment on the accused's exercise of his right to remain silent."
(citations and internal quotation marks omitted)); State v. Kimsey, 320 S.C. 344, 346, 465 S.E.2d 128, 130 (Ct. App. 1995) (holding Doyle does not
prohibit the State from introducing a defendant's voluntary statements made when the defendant "has chosen not to remain silent").
2.  As to whether the trial court erred in admitting the letter under the requirements of document authentication: Rule 901(a), SCRE (providing that
although authentication is "a condition precedent to admissibility," it "is satisfied by evidence sufficient to support a finding that the matter
in question is what its proponent claims"); State v. Hightower, 221 S.C. 91, 105-06, 69 S.E.2d 363, 370 (1952) (holding that a letter may be
authenticated by circumstantial evidence "if its tenor, subject-matter, and the parties between whom it purports to have passed make it fairly fit into an
approved course of conduct, and manifests the probability that the subject-matter of its contents was known only to the apparent writer and the person to whom
it was written . . .").
3.  As to whether the trial court erred in admitting the letter under the requirements of hearsay evidence: State v. Dunbar, 356 S.C. 138, 142,
587 S.E.2d 691, 694 (2003) ("A party may not argue one ground at trial and an alternate ground on appeal." (citation omitted)).
4.  As to whether the trial court erred in admitting the other statements: State v. Griffin, 339 S.C. 74, 77, 528 S.E.2d 668, 669 (2000) ("[A]n
in limine ruling is not final and does not preserve the issue for appeal.");  see also State v. Johnson, 363 S.C. 53, 58, 609 S.E.2d
520, 523 (2005) ("To preserve an issue for review there must be a contemporaneous objection that is ruled upon by the trial court."). 
AFFIRMED.
FEW, C.J., PIEPER and LOCKEMY, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.