**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Jason Bauman, Appellant.

Appellate Case No. 2012-212285

––––––––––––––

Appeal From Dorchester County
Edgar W. Dickson, Circuit Court Judge

––––––––––––––

Unpublished Opinion No. 2014-UP-346
Heard September 10, 2014 – Filed October 1, 2014

––––––––––––––

**AFFIRMED**

––––––––––––––

Chief Appellate Defender Robert Michael Dudek, of
Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant
Deputy Attorney General David A. Spencer, both of
Columbia, for Respondent.

––––––––––––––

**PER CURIAM:** Jason Bauman appeals his conviction for first-degree criminal
sexual conduct with a minor. Bauman argues the trial court erred in (1) admitting
hearsay testimony from the victim's mother; (2) admitting the written statement of
jailhouse informant Adam Buhle; and (3) denying his requested jury charge

concerning the credibility of jailhouse informants.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.      As to whether trial court erred in allowing victim's mother other to testify victim told her she learned about oral sex from Bauman:  *Jackson v. Speed*, 326 S.C. 289, 305, 486 S.E.2d 750, 758 (1997) ("The improper admission of hearsay is reversible error only when the admission causes prejudice[; however, w]here the hearsay is merely cumulative to other evidence, its admission is harmless.").

2.      As to whether the trial court erred in admitting Buhle's written statement: *State v. Black*, 400 S.C. 10, 16, 732 S.E.2d 880, 884 (2012) ("The admission or exclusion of evidence is left to the sound discretion of the trial judge, whose decision will not be reversed on appeal absent an abuse of discretion.") (internal quotations marks omitted); *State v. Jennings*, 394 S.C. 473, 477-78, 716 S.E.2d 91, 93 (2011) ("An abuse of discretion occurs when the trial court's ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary support.") (internal quotation marks omitted); *State v. Griffin*, 339 S.C. 74, 77-78, 528 S.E.2d 668, 670 (2000) ("There is no reversible error in the admission of evidence that is cumulative to other evidence properly admitted.").

3.      As to whether the trial court erred in denying Bauman's request to charge the jury on weighing the credibility of jailhouse informants:  *Clark v. Cantrell*, 339 S.C. 369, 389, 529 S.E.2d 528, 539 (2000) ("An appellate court will not reverse the trial court's decision regarding jury instructions unless the trial court abused its discretion.  An abuse of discretion occurs when the trial court's ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary support."); *Sheppard v. State*, 357 S.C. 646, 665, 594 S.E.2d 462, 472-73 (2004) (holding the trial court is required to charge only the current and correct law of South Carolina and a jury charge is correct if it contains the correct definition of the law when read as a whole).

**AFFIRMED.**

**FEW, C.J., and THOMAS and LOCKEMY, JJ., concur.**