**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Joseph Bradley Loftin, Appellant.

Appellate Case No. 2012-209191

---

Appeal From Lancaster County
Brooks P. Goldsmith, Circuit Court Judge

---

Unpublished Opinion No. 2014-UP-472
Heard September 9, 2014 – Filed December 17, 2014

---

**AFFIRMED**

---

John Dennis Delgado, of Bluestein, Nichols, Thompson & Delgado, LLC, and Robert Louis Bank, Jr., both of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Deputy Attorney General David A. Spencer, both of Columbia, for Respondent.

---

**PER CURIAM:** Joseph Bradley Loftin was indicted for criminal sexual conduct (CSC) with a minor in the second degree and lewd act upon a child. He was convicted as charged and sentenced to imprisonment for concurrent terms of

twelve years and ten years, respectively.  On appeal, Loftin contends the trial court erred in (1) admitting evidence of an incident that allegedly occurred in another county as common scheme or plan evidence based upon its similarity to the alleged indicted incidents and (2) refusing to allow him to inquire about Victim's prior sexual activity after the State introduced evidence concerning a pregnancy test and medical testimony regarding Victim.  We affirm.

1.      In regard to the admission of evidence concerning the deer stand incident, which occurred in another county, we find no error.  "When determining whether evidence is admissible as common scheme or plan, the trial court must analyze the similarities and dissimilarities between the crime charged and the bad act evidence to determine whether there is a close degree of similarity." *State v. Wallace*, 384 S.C. 428, 433, 683 S.E.2d 275, 277-78 (2009).  "When the similarities outweigh the dissimilarities, the bad act evidence is admissible under Rule 404(b)[, SCRE]." *Id.* at 433, 683 S.E.2d at 278.  Though not an exhaustive list and other factors may also be relevant in determining whether the similarities outweigh the dissimilarities, the following should be considered in determining whether there is a close degree of similarity between the bad act and the crime charged: "(1) the age of the victims when the abuse occurred; (2) the relationship between the victims and the perpetrator; (3) the location where the abuse occurred; (4) the use of coercion or threats; and (5) the manner of the occurrence, for example, the type of sexual battery." *Id.* at 433-34, 683 S.E.2d at 278.  "A close degree of similarity establishes the required connection between the two acts and no further 'connection' must be shown for admissibility." *Id.* at 434, 683 S.E.2d at 278.

In reviewing the specific factors set forth in *Wallace*, the similarities between the crime charged and the other bad act evidence here include (1) the age of Victim when the abuse occurred; (2) the relationship between Loftin and Victim;[1] (3) the

---

[1] Although Loftin urges this court to consider this a dissimilarity, arguing the relationship at the time of the deer stand incident was one of father/daughter while the acts for which he was charged occurred during an alleged romantic relationship between him and Victim, we find no merit to this argument.  First, under Victim's testimony, the emotional change in their relationship could have occurred at the time of the deer stand incident.  More importantly, it is clear that during this entire time Loftin was acting in a parental role of the family unit comprised of Loftin, Mother, Victim, Brother, and the young biological daughter of Loftin and Mother.

use of coercion;[2] and (4) the type of sexual battery, which included Loftin's sexual intercourse with Victim during the deer stand incident and the continued engagement in sexual intercourse between the two on a daily basis thereafter. The only dissimilarity under these specific factors is the location of the abuse, with the deer stand incident occurring outdoors and in a different county, and the majority of the other incidents occurring indoors and at their home. Additionally, there were other similarities, including that the prior bad act was directed toward the same victim and was close in time, having occurred within the period of time of the crimes charged. Further, the deer stand incident was part of a pattern of escalating abuse and was not an unrelated incident. *See State v. Clasby*, 385 S.C. 148, 156, 682 S.E.2d 892, 896 (2009) (holding the trial court properly admitted evidence of four incidents of uncharged sexual misconduct committed by Clasby on the victim prior to the offenses for which she was indicted and tried, noting all of Clasby's alleged sexual misconduct was directed at the same victim and finding the alleged prior bad act evidence revealed a close degree of similarity to the facts of the indicted charges); *id.* at 157, 682 S.E.2d at 896 (citing *State v. Whitener*, 228 S.C. 244, 265, 89 S.E.2d 701, 711 (1955) as "recognizing that the common scheme or plan exception 'is generally applied in cases involving sexual crimes, where evidence of acts prior and subsequent to the act charged in the indictment is held admissible as tending to show continued illicit intercourse *between* the same parties' (emphasis added)"); *State v. Kirton*, 381 S.C. 7, 27, 671 S.E.2d 107, 117 (Ct. App. 2008) ("The degree of remoteness between the other crimes and the one charged is one factor to be considered in determining the connection between them."); *id.* ("When a criminal defendant's prior bad acts are directed toward the same victim and are very similar in nature, those acts are admissible as a common scheme or plan."). Here, the similarities clearly outweigh the dissimilarities, and the alleged deer stand incident tends to show continued illicit intercourse between the same parties. Additionally, Victim's testimony concerning the deer stand incident establishes a progression and pattern of the continuing illicit sexual

[2] Assuming, as Loftin contends, that evidence he told Victim he wanted to run away with her to pursue their romantic relationship amounted to coercion, there is evidence in the record that Loftin began the romantic relationship with Victim around the time he began engaging in sexual intercourse with her. Victim's testimony establishes the first incident of sexual intercourse occurred at the deer stand. Therefore there is evidence this "coercion" was present at the time of the deer stand incident as well as the later incidents at home.

activities between Loftin and Victim, and its probative value outweighs any danger of unfair prejudice to Loftin.

2.      We find no error in the trial court's refusal to allow Loftin to inquire into Victim's sexual activities under either the "Alternative Explanation Theory" or the Rape Shield Statute's pregnancy exception.  We agree with the State this issue is not preserved for our review.

First, it is clear from the record that the trial court's ruling on Loftin's pretrial motion was a ruling in limine and not a final ruling on the issue.  Further, no other mention was made of this matter after the trial court's preliminary ruling. "Generally, a motion in limine seeks a pretrial evidentiary ruling to prevent the disclosure of potentially prejudicial matter to the jury."  *State v. Smith*, 337 S.C. 27, 32, 522 S.E.2d 598, 600 (1999).  "[A]n in limine ruling is not final and does not preserve the issue for appeal."  *State v. Griffin*, 339 S.C. 74, 77, 528 S.E.2d 668, 669 (2000).  "Merely raising an argument in *limine* (sic) does not preserve the issue for appellate review."  *State v. Stokes*, 339 S.C. 154, 163, 528 S.E.2d 430, 434 (Ct. App. 2000).  Loftin does not dispute that the matter was not subsequently addressed during the trial but contends there are exceptions to the rule requiring an issue to be raised again after an in limine ruling, including when such a ruling is actually final or further discussion would be futile.  However, the trial court specifically informed trial counsel that its ruling was a pretrial ruling "just like a motion in limine," and the trial court did not indicate it would deny counsel the opportunity to raise the matter again when counsel then stated to the court that he would "like to cross that bridge when [he got]to it . . .  once [he] start[ed] cross [-] examination."  Further, the trial court specifically instructed trial counsel he was to ask for a sidebar so they could discuss the matter before he asked any of the questions he sought to include on this matter.  Accordingly, the trial court's in limine ruling was not a final ruling on the matter, and it would not have been an exercise in futility for counsel to raise the matter during the trial.  Loftin also argues the scenario presented is unusual inasmuch as it is common for there to be a motion to *exclude* evidence in a motion in limine and natural for a contemporaneous objection to be made when the evidence is ultimately offered, but this case involved the scope of cross-examination by a defendant and it was not quite as apparent when a subsequent objection would have been proper.  Our court has specifically determined, in situations involving a trial judge ruling against a defendant's in limine request for the admission of evidence, the issue is not preserved when the defendant fails to thereafter raise the matter during trial.  *See id.* 339 S.C. at 163, 528 S.E.2d at 434 (holding, when appellant unsuccessfully sought to impeach the victim's mother and the record reflected the issue was only

raised and ruled on in limine, appellant's failure to raise the issue again at any time during the trial rendered the issue unpreserved); *State v. Peay*, 321 S.C. 405, 409, 468 S.E.2d 669, 671-72 (Ct. App. 1996) (holding, when the State sought to introduce a videotape taken of appellant into evidence without the accompanying audio and appellant sought to require the State to play the audio portion as well, appellant should have renewed his request that the State present the full context of the videotape because the trial court's initial ruling that the State was not required to play the audio portion was made in limine and was not final).

Further, it is not clear exactly what testimony would have been elicited from the line of questioning Loftin sought to ask, and Loftin failed to make many of the arguments he now raises on appeal. Loftin did not clarify whom he wished to question on these matters or what conclusive questions he might seek to ask. Loftin never argued, as he does on appeal, that he should be permitted to inquire into whether Victim was sexually active with another person during the relevant time period. No motion was ever made by Loftin to question any witnesses specifically concerning whether Victim was sexually active with anyone besides Loftin during this time. As well, though Loftin argues on appeal that the questions were relevant to show an alternative explanation for the results of Victim's medical exam and the reason she would be concerned with taking a pregnancy test, he never made this argument to the trial court and the first time he mentions the "Alternative Explanation Theory" and related law on such is in his appeal. Additionally, when the solicitor argued to the trial court the questions Loftin sought to ask were precluded by the Rape Shield Statute because they did not fit within one of the three exceptions, Loftin failed to argue, as he does on appeal, that our courts recognize exceptions beyond those specifically enumerated in the statute. Accordingly, these arguments are not preserved on appeal. *See State v. Byers*, 392 S.C. 438, 444, 710 S.E.2d 55, 58 (2011) (holding, for an objection to be preserved for appellate review, the objection must be made with sufficient specificity to inform the trial court of the point being urged by the objector); *State v. Freiburger*, 366 S.C. 125, 134, 620 S.E.2d 737, 741 (2005) (holding an argument advanced on appeal but not raised and ruled on below is not preserved); *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003) ("Issues not raised and ruled upon in the trial court will not be considered on appeal."); *id.* at 142, 587 S.E.2d at 694 ("A party need not use the exact name of a legal doctrine in order to preserve it, but it must be clear that the argument has been presented on that ground."). Finally, because no testimony was ever proffered on the matter, it is impossible for this court to discern what the excluded testimony would have been and whether the denial of admission of such evidence was in error. *See State v. Roper*, 274 S.C. 14, 20, 260 S.E.2d 705, 708 (1979) ("It is well settled that a

reviewing court may not consider error alleged in exclusion of testimony unless the record on appeal shows fairly what the rejected testimony would have been."); *State v. Santiago*, 370 S.C. 153, 163, 634 S.E.2d 23, 29 (Ct. App. 2006) ("[A] proffer of testimony is required to preserve the issue of whether testimony was properly excluded by the trial judge, and an appellate court will not consider error alleged in the exclusion of testimony unless the record on appeal shows fairly what the excluded testimony would have been.").

As to Loftin's assertion the evidence was admissible under the Rape Shield Statute's pregnancy exception, Loftin never made this argument to the trial court, and, therefore, it is not preserved for our review either. *See Byers*, 392 S.C. at 444, 710 S.E.2d at 58 (holding, for an objection to be preserved for appellate review, the objection must be made with sufficient specificity to inform the trial court of the point being urged by the objector); *Freiburger*, 366 S.C. at 134, 620 S.E.2d at 741 (holding an argument advanced on appeal but not raised and ruled on below is not preserved). Additionally, even assuming the argument was sufficiently raised by trial counsel's general argument regarding the admissibility of evidence concerning Victim's sexual activity, the trial court clearly articulated its ruling was in limine. Therefore, this argument is not preserved on that basis. *Griffin*, 339 S.C. at 77, 528 S.E.2d at 669 ("[A]n in limine ruling is not final and does not preserve the issue for appeal."); *Stokes*, 339 S.C. at 163, 528 S.E.2d at 434 ("Merely raising an argument in *limine* (sic) does not preserve the issue for appellate review.").

For the foregoing reasons, Loftin's convictions are

**AFFIRMED.**

**HUFF, SHORT, and KONDUROS, JJ., concur.**