**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Michael Orlando Brown, Appellant.

Appellate Case No. 2014-001715

Appeal From Richland County
James R. Barber, III, Circuit Court Judge

Unpublished Opinion No. 2016-UP-349
Submitted April 1, 2016 – Filed July 6, 2016

**AFFIRMED**

Appellate Defender Laura Ruth Baer, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Senior Assistant Deputy Attorney General John Benjamin Aplin, and Solicitor Daniel Edward Johnson, all of Columbia, for Respondent.

**PER CURIAM:** Michael Orlando Brown appeals his conviction of attempted armed robbery, arguing the trial court erred in (1) admitting Brown's alleged offer

to plead guilty when the probative value of the statement was outweighed by the undue prejudicial effect under Rule 403, SCRE, (2) admitting Brown's alleged statement that "DNA will convict me" and alleged offer to plead guilty when such statements were made after Brown had invoked his Fifth Amendment right against self-incrimination and right to counsel, and (3) denying Brown's motion for a directed verdict when there was no direct evidence of his guilt and the circumstantial evidence against him was not substantial.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to issues 1 and 2:  *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court].  Issues not raised and ruled upon in the trial court will not be considered on appeal."); *State v. Griffin*, 339 S.C. 74, 77, 528 S.E.2d 668, 669 (2000) ("[A]n in limine ruling is not final and does not preserve the issue for appeal."); *State v. Schumpert*, 312 S.C. 502, 507, 435 S.E.2d 859, 862 (1993) ("Unless an objection is made at the time the evidence is offered and a final ruling made, the issue is not preserved for review.").

2.  As to issue 3:  *State v. Weston*, 367 S.C. 279, 292, 625 S.E.2d 641, 648 (2006) ("When ruling on a motion for a directed verdict, the trial court is concerned with the existence or nonexistence of evidence, not its weight."); *id.* ("A defendant is entitled to a directed verdict when the [S]tate fails to produce evidence of the offense charged."); *id.* ("When reviewing a denial of a directed verdict, [the appellate court] views the evidence and all reasonable inferences in the light most favorable to the [S]tate."); *id.* at 292-93, 625 S.E.2d at 648 ("If there is any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused, the [appellate] [c]ourt must find the case was properly submitted to the jury.").

**AFFIRMED.**[1]

**HUFF, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.