**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

In the Matter of the Care and Treatment of Leonard Jenkins, Appellant.

Appellate Case No. 2016-000035

---

Appeal From York County
Frank R. Addy, Jr., Circuit Court Judge

---

Unpublished Opinion No. 2018-UP-311
Submitted May 1, 2018 – Filed July 5, 2018

---

**AFFIRMED**

---

Appellate Defender David Alexander, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Deborah R.J. Shupe, both of Columbia, for Respondent.

---

**PER CURIAM:**  Affirmed pursuant to Rule 220(b), SCACR, and the following authorities:

1.      As to Appellant's argument the trial court erred in permitting the State to elicit testimony from its expert witness that young girls would be at risk if Jenkins were released because such a question was irrelevant and highly inflammatory, akin to a "golden rule" violation, we find no error.  First, we find the testimony

relevant to the question whether Appellant's release would pose a menace to the health and safety of others. *See* S.C. Code Ann. § 44-48-30(1) (2018) (defining a sexually violent predator (SVP) as a person who has been convicted of a sexually violent offense and who "suffers from a mental abnormality or personality disorder that makes the person *likely to engage in acts of sexual violence* if not confined in a secure facility for long-term control, care, and treatment" (emphasis added)); S.C. Code Ann. § 44-48-30(9) (2018) (declaring that a person's propensity to commit acts of sexual violence "of such a degree as to *pose a menace to the health and safety of others*" satisfies the provision that the person is "*likely to engage in acts of sexual violence*" (emphases added)); Rule 401, SCRE ("'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."). Further, Appellant's trial counsel never argued to the trial court that the testimony was prejudicial, much less that admission of this testimony was akin to violating the "golden rule." Rather, counsel's sole objection was on the ground of relevance. Neither did counsel raise any objection to the State's closing argument. Accordingly, such arguments are not preserved for review. *See State v. Byers*, 392 S.C. 438, 444, 710 S.E.2d 55, 58 (2011) (holding, for an objection to be preserved for appellate review, the objection must be made with sufficient specificity to inform the trial court of the point being urged by the objector); *State v. Freiburger*, 366 S.C. 125, 134, 620 S.E.2d 737, 741 (2005) (holding an argument advanced on appeal but not raised and ruled on below is not preserved); *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 694 (2003) ("A party need not use the exact name of a legal doctrine in order to preserve it, but it must be clear that the argument has been presented on that ground."). Finally, even if the arguments were properly preserved, we would find no prejudice. Dr. Swan testified she diagnosed Appellant with pedophilic disorder, which applies to individuals who, for over a period of six months, "demonstrate[] sexual attraction to children who haven't yet entered puberty, [who are] typically less than 13," that Appellant was sexually attracted to females, and he had "serious difficulty controlling his behavior." Dr. Swan, numerous times throughout her testimony, discussed Appellant's history of committing sexual crimes against the girls, specifically noting they were nine, twelve and fourteen years-old at the time. Because there was an abundance of evidence from which the jury could conclude that, specifically, girls between the ages of nine and fourteen would be those at risk should Appellant not be confined for long-term control, care, and treatment, Appellant has failed to establish prejudice in the admission of this testimony. *See State v. Cottrell*, 421 S.C. 622, 640, 809 S.E.2d 423, 433 (2017) ("To warrant reversal based on the admission or exclusion of evidence, the appellant must prove both the error of the ruling and the resulting prejudice, i.e., that there is a

reasonable probability the jury's verdict was influenced by the challenged evidence or the lack thereof." (quoting *Fields v. Reg'l Med. Ctr. Orangeburg*, 363 S.C. 19, 26, 609 S.E.2d 506, 509 (2005))); *State v. Griffin*, 339 S.C. 74, 77-78, 528 S.E.2d 668, 670 (2000) ("There is no reversible error in the admission of evidence that is cumulative to other evidence properly admitted.").

2.     As to Appellant's argument trial counsel provided ineffective assistance in failing to move to exclude the State's expert diagnosis of "other specified personality disorder with antisocial features," we find this issue is not preserved for our review, as the issue may not be raised in an SVP case for the first time on direct appeal. *See Buist v. Buist*, 410 S.C. 569, 574, 766 S.E.2d 381, 383 (2014) ("It is well settled that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial court to be preserved." (quoting *Pye v. Estate of Fox*, 369 S.C. 555, 564, 633 S.E.2d 505, 510 (2006))); *In re Care & Treatment of Chapman*, 419 S.C. 172, 182, 186, 796 S.E.2d 843, 848, 850 (2017) (declining to address the merits of the appellant's ineffective assistance of counsel claims arising from his commitment under the SVP Act on direct appeal because an evidentiary hearing was necessary and the claims were not preserved for appellate review due to trial counsel's failure to object to any of the alleged errors); *id.* at 186, 796 S.E.2d at 850 ("[T]he appropriate forum to assert the right to effective assistance of counsel [in an SVP matter] is the long-recognized safeguard of due process: habeas relief.").

**AFFIRMED.**[1]

**HUFF, GEATHERS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.