**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Michael Sullivan, Appellant.

Appellate Case No. 2019-000084

———————

Appeal From Greenville County
Alex Kinlaw, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2021-UP-183
Submitted April 1, 2021 – Filed May 19, 2021

———————

**AFFIRMED**

———————

Appellate Defender David Alexander, of Columbia, for
Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General Jonathan Scott Matthews, both of
Columbia; and Solicitor William Walter Wilkins, III, of
Greenville, all for Respondent.

———————

**PER CURIAM:** Michael Sullivan appeals his convictions on two counts of
third-degree criminal sexual conduct (CSC) with a minor and concurrent sentences

of ten years' imprisonment. On appeal, he argues the trial court erred in admitting hearsay testimony. We affirm.

The minor victim (Victim), whose maternal grandmother was married to Sullivan, first disclosed the alleged abuse to her best friend's mother and then to her own mother. Victim later underwent a forensic interview at the Julie Valentine Center in Greenville.

At trial, Sullivan objected to testimony given by the friend's mother that Victim said Sullivan molested her by having her sit on top of him with her back to him, making her put her hands down his pants, and "put[ting] his hands down her private area" as inadmissible hearsay. The trial court overruled the objection. Sullivan challenges this ruling on appeal, arguing this testimony exceeded limits of Rule 801(d)(1)(D), SCRE, which provides that an out-of-court statement is not hearsay if (1) the declarant testifies at trial and is subject to cross-examination concerning the statement, (2) the statement is consistent with the declarant's testimony in a CSC case in which the declarant is the alleged victim, and (3) the statement is limited to the time and place of the incident.

We agree with Sullivan's interpretation of Rule 801(d)(1)(D) and believe the trial court should have sustained a timely and properly made objection to the disputed testimony. The out-of-court statements at issue went beyond the time and place of the alleged molestation. However, the witness had already testified about the victim's description of Sullivan's abuse when Sullivan made his hearsay objection, and Sullivan never moved to strike this testimony. We therefore have concerns that Sullivan failed to take adequate measures to preserve his objection to this testimony for appellate review. *See State v. Byers*, 392 S.C. 438, 444, 710 S.E.2d 55, 58 (2011) ("For an objection to be preserved for appellate review, the objection must be made at the time the evidence is presented . . . ."); *id.* ("When a witness answers a question before an objection is made, the objecting party must make a motion to strike the answer to preserve the issue of that statement's admissibility.").

In any event, we note Victim testified regarding her accusations during Sullivan's trial and was subject to cross-examination. Furthermore, Victim's mother testified Victim alleged "some touching" that was "over her underwear," and the State played a recording of Victim's forensic interview, during which Victim described how Sullivan molested her, for the jury in open court without objection. Therefore, we find the disputed testimony was cumulative to other properly admitted evidence, and and the trial court did not commit reversible error in admitting it. *See State v. Griffin*, 339 S.C, 74, 77-78, 528 S.E.2d 668, 670 (2000)

("There is no reversible error in the admission of evidence that is cumulative to other evidence properly admitted.").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and HUFF and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.