**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Muanah Aruna Fortune Jr., Appellant.

Appellate Case No. 2021-000569

———————

Appeal From Dorchester County
Diane Schafer Goodstein, Circuit Court Judge

———————

Unpublished Opinion No. 2024-UP-419
Submitted November 1, 2024 – Filed December 18, 2024

———————

**AFFIRMED**

———————

Elizabeth Anne Franklin-Best, of Elizabeth Franklin-Best, P.C., of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General Melody Jane Brown, and Assistant Attorney General William Joseph Maye, all of Columbia; and Solicitor David Michael Pascoe, Jr., of Orangeburg, for Respondent.

———————

**PER CURIAM:** Appellant Muanah A. Fortune, Jr. challenges his convictions for murder, attempted murder, first degree burglary, ill treatment of animals, and possession of a firearm during the commission of a violent crime. Fortune argues that (1) the circuit court's denial of his request to have his family physically present in the courtroom deprived him of his Sixth Amendment right to a public trial; (2) the State's failure to establish a proper chain of custody for certain evidence required the circuit court to grant a mistrial; and (3) the circuit court's jury instruction on accomplice liability was not supported by the evidence. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to Fortune's assertion that he was deprived of his right to a public trial: *Gannett Co. v. DePasquale*, 443 U.S. 368, 380 (1979) ("The requirement of a public trial is for the benefit of the accused; that the public may see he is fairly dealt with and not unjustly condemned, and that the presence of interested spectators may keep his triers keenly alive to a sense of their responsibility and to the importance of their functions . . . ." (quoting *In re Oliver*, 333 U.S. 257, 270 n. 25 (1948)); *United States v. Rivera*, 682 F.3d 1223, 1232 (9th Cir. 2012) ("Although the right to a public trial provides benefits to society as a whole, . . . a defendant may nevertheless forfeit the right, either by affirmatively waiving it or by failing to assert it in a timely fashion." (citation omitted)); *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693–94 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial judge. Issues not raised and ruled upon in the trial court will not be considered on appeal. A party need not use the exact name of a legal doctrine in order to preserve it, but it must be clear that the argument has been presented on that ground. A party may not argue one ground at trial and an alternate ground on appeal." (citations omitted)); *State v. Morales*, 439 S.C. 600, 609, 889 S.E.2d 551, 556 (2023) ("One primary purpose of our issue preservation rules is to 'give the trial court a fair opportunity to rule.'" (quoting *Atl. Coast Builders & Contractors, LLC v. Lewis*, 398 S.C. 323, 329, 730 S.E.2d 282, 285 (2012))).

2. As to Fortune's assertion that the State's failure to establish a proper chain of custody for certain evidence required the circuit court to grant a mistrial: *State v. Watts*, 321 S.C. 158, 167, 467 S.E.2d 272, 278 (Ct. App. 1996) (holding that the defendant's claim that he was entitled to a mistrial was not preserved for review because he failed to obtain a ruling on the motion); *State v. Griffin*, 339 S.C. 74, 77–78, 528 S.E.2d 668, 670 (2000) ("There is no reversible error in the admission of evidence that is cumulative to other evidence properly admitted.").

3. As to Fortune's assertion that the circuit court's jury instruction on accomplice liability was not supported by the evidence: Rule 20(b), SCRCrimP

("[T]he parties shall be given the opportunity to object to the giving or failure to give an instruction before the jury retires, but out of the hearing of the jury. Any objection shall state distinctly the matter objected to and the grounds for objection. Failure to object in accordance with this rule shall constitute a waiver of objection."); *S.C. Dep't of Transp. v. First Carolina Corp. of S.C.*, 372 S.C. 295, 301, 641 S.E.2d 903, 907 (2007) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review." (quoting *Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998))); *State v. Weatherall*, 431 S.C. 485, 498, 848 S.E.2d 338, 345 (Ct. App. 2020) ("The law to be charged must be determined from the evidence presented at trial." (quoting *State v. Cole*, 338 S.C. 97, 101, 525 S.E.2d 511, 512 (2000))); *State v. Perry*, 434 S.C. 92, 99, 862 S.E.2d 451, 454 (Ct. App. 2021), *rev'd on other grounds*, 440 S.C. 396, 892 S.E.2d 273 (2023) ("If any evidence supports a charge, it should be given."); *State v. Campbell*, 443 S.C. 182, 193, 904 S.E.2d 441, 446 (2024) ("Accomplice liability can be proven by circumstantial evidence."); *State v. Johnson*, Op. No. 28238 (S.C. Sup. Ct. filed Oct. 16, 2024) (Howard Adv. Sh. No. 40 at 10, 16), 2024 WL 4499923, at *4 (describing certain circumstantial evidence as showing "a classic accomplice liability scenario"); *Campbell*, 443 S.C. at 193, 904 S.E.2d at 446–47 ("Under an accomplice liability theory, 'a person must personally commit the crime or be present at the scene of the crime and intentionally, or through a common design, aid, abet, or assist in the commission of that crime through some overt act.'" (quoting *State v. Condrey*, 349 S.C. 184, 194, 562 S.E.2d 320, 325 (Ct. App. 2002))); *id.* at 193, 904 S.E.2d at 447 ("In order to establish the parties agreed to achieve an illegal purpose, thereby establishing presence by pre-arrangement, the State need not prove a formal expressed agreement, *but rather can prove the same by circumstantial evidence and the conduct of the parties*." (alteration in original) (quoting *State v. Gibson*, 390 S.C. 347, 354, 701 S.E.2d 766, 770 (Ct. App. 2010))); *State v. Mattison*, 388 S.C. 469, 479, 697 S.E.2d 578, 584 (2010) ("Under the 'hand of one is the hand of all' theory, one who joins with another to accomplish an illegal purpose is liable criminally for everything done by his confederate incidental to the execution of the common design and purpose." (quoting *State v. Condrey*, 349 S.C. 184, 194, 562 S.E.2d 320, 324 (Ct. App. 2002))); *Butler v. State*, 435 S.C. 96, 97–98, 866 S.E.2d 347, 348 (2021) ("[W]hen two people join together to commit a crime, and during the commission of that crime one of the two commits another crime, both may be criminally liable for the unplanned crime if it was a *natural and probable consequence* of their common plan to commit the initial crime." (emphasis added)); *Barber v. State*, 393 S.C. 232, 237, 712 S.E.2d 436, 439 (2011) ("To support an accomplice liability charge in this case, the question is whether there is any evidence that another co-conspirator was the shooter and [the petitioner] was acting with him when the robbery took place.").

**AFFIRMED.**[1]

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.